————o————

WILLIAM McMILLAN, Respondent, vs. A. B. PARKELL, Appellant.

1. *Evidence—Note signed by one as principal—Proof that the contract was that of surety.*—When one signs an obligation describing himself as principal, he renounces his right as surety, and parol evidence showing that his agreement was that of surety only, and that his liability was extinguished by reason of an extension granted to the principal without his knowledge, is inadmissible, as varying the terms of his written contract. And more especially is this true where he expressly stipulates in the instrument that no extension of time shall affect his liability. And it is immaterial in such case that the instrument signed is a note and not a specialty.

*Appeal from Jasper Court of Common Pleas.*

*E. J. Montague,* for Appellant, cited: Mechanic's Bank vs. Wright, 53 Mo. 153; Foster vs. Wallace, 2 Mo. 231; and contended that the reasoning in the case of Picot vs. Signiago, 22 Mo. 587, following the case of Spriggs vs. The Bank of Mount Pleasant, 10 Pet. 257, was founded upon a sealed instrument.

*W. H. Phelps,* for Respondent, cited: Sprigg vs. Mt. Pleasant Bank, 10 Pet. 257; Id. 14 Pet. 201; Picot vs. Signiago, 22 Mo. 587.

HOUGH, Judge, delivered the opinion of the court.

This was an action against the defendant founded upon the following instrument of writing:

$150. Carthage, Mo., December 18, 1873.

Six months after date we, each as principal, jointly and severally promise to pay to the order of Wm. McMillan, in Carthage, Mo., one hundred and fifty dollars for value received, with interest at the rate of ten per cent. per. annum from maturity. We do waive all exemption of homestead and other property from execution under the laws of this State; nor shall any delay or extension of time of demand of payment affect our liability hereon, and we hereby agree to pay a reasonable attorney's fee in case this note has to be collected by law.

H. H. WOODMANSER.

A. B. PARKELL.

The defendant set forth in his answer that he entered into the foregoing obligation as surety for H. H. Woodmanser, who was the principal therein, and that plaintiff well knew, at the time the same was executed, that defendant signed it only as surety; that at the maturity of said obligation the plaintiff did, for a valuable consideration paid to him by the said Woodmanser, and without the knowledge or consent of the defendant, extend the time of payment of said obligation until the first day of January, 1875.

The defendant offered to prove the foregoing facts at the trial, but the court rejected the testimony. There was a verdict and judgment for the plaintiff, and the defendant has appealed.

The court committed no error in rejecting the testimony offered. It is clearly competent for a surety to renounce the privileges which the law confers upon him as such. He may, by assenting to an extension of time granted to his principal, waive his right to a discharge on account of such extension. So he may, at the

time of entering into a contract, waive in advance the legal protection to which he would be entitled as surety, and agree that he may, throughout the transaction to which he becomes a party, be held to the legal liability of a principal. This was undoubtedly done in the contract on which the present suit was founded. The defendant expressly bound himself "as principal," and in the language of Judge Scott, in the case of Picot vs. Signiago (22 Mo. 587); "To hold that the defendant is not bound as principal in this contract, is tantamount to declaring that one who really occupies the relation of surety in a contract cannot be bound as principal—a proposition for which there is no support in the law."

In that case, as in this, the surety bound himself "as principal." There the contract was a specialty, but we can see no difference in principle in the two cases. In both cases important rights are surrendered by the voluntary act of the surety.

To permit a party to a written instrument, *who expressly contracts therein "as principal*," to vary his liability by showing that he was in fact only a surety, and known to be such by the obligee, would be in contravention of the well established rule, that parol testimony is inadmissible to alter, or vary, the terms of a written contract.

In the case of Claremont Bank vs. Wood (10 Vt. 582) the suit was founded on a promissory note, the language of which was: "For value received, we, *each as principal*, jointly and severally promise to pay," etc. Judd, one of the defendants, who was a surety. claimed that his liability was extinguished by reason of an extension of time granted by the payee to the principal in the note, without his knowledge or consent. The court said: "It could not have been the object of these expressions to signify merely that each signer assumed the liability of a principal in the first instance; for such a liability is always incurred by the respective signers of promissory notes in ordinary cases, even though one of them should affix the word *surety* to his signature. The reason is, that they all promise in the same terms, which must have the same import and effect as applied to each of the signers. Another motive is sufficiently apparent. As the

plaintiffs would have been bound to respect the rights of Judd, as a surety, had these words been omitted, the evident design of their introduction was, on the one side, to avoid the embarrassments of such an obligation, and, on the other, to waive the right of insisting upon it. And since Judd has seen fit expressly to avow himself a principal in the note, and thereby, so far as the plaintiffs were concerned, to renounce the character of a surety with the privileges incident to it, we are not at liberty to absolve him from the consequences. To hold him still entitled to those benefits, which he openly disclaimed at the time of entering into the contract, would be to vary and control its intended operation, and, in effect, to enforce a contract which the parties never made."

A further reason for rejecting the testimony is to be found in the express stipulation of the defendant, that no extension of the time of payment should affect his liability. The appeal is without merit, and the judgment will be affirmed, with ten per cent. damages. The other judges concur.