Hartzell v. Crumb.

---

HARTZELL *et al.* v. CRUMB, *Appellant.*

| 90 | 629 |
| 102 | 528 |
| 90 | 629 |
| 108 | 78 |
| 48a | 467 |
| 90 | 629 |
| 52a | 148 |
| 90 | 629 |
| 67a | 248 |
| 90 | 629 |
| e99a | [2]102 |
| e99a | [3]102 |

1.  Vendor and Vendee :  SALE OF LAND :  LOSS OF BARGAIN.  In a suit by a vendee against a vendor for breach of contract for the sale of land, the vendee is entitled to recover compensation for the loss of his bargain.

2.  —— :  —— :  ——.  The questions of supposed or real defect

in the title of the vendor, or of his good faith or want of good faith in the transaction, are not to be considered in estimating the damages, in the absence of any provision in the contract to that effect in the vendor's behalf.

3. ——: ——: ——: MEASURE OF DAMAGES. Where the purchase money has not been paid, the measure of the damages is the difference between the contract price and the value of the property at the date of the breach.

4. ——: ——: ——: ——. Where the purchase money has been paid, the damages will also include such advanced payment.

5. ——: ——: BREACH OF CONTRACT. Where the vendee received abstracts of title and forwarded the purchase money, and the vendor had notice thereof and failed to make a warranty deed, as required by the contract, and communicated his refusal to do so to the vendee; *held,* there was then a breach of the contract, and the vendee could have at once sued for damages.

6. ——: INSTRUCTIONS: JURY. The court should instruct the jury hypothetically what facts would constitute a breach of the contract, leaving it to them to determine when the breach occurred.

7. **Principal and Agent:** CONTRACTS NOT UNDER SEAL. It will be sufficient to relieve one of liability as principal in a contract not under seal, if from the whole instrument it can be gathered that he acted as agent, and intended to bind another as principal and not to bind himself.

8. ——: ——: PAROL EVIDENCE. If the instrument is so uncertain in its terms as to throw the whole matter in doubt, whether the principal or agent is to be bound, such uncertainty may be obviated by parol testimony.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON. ROBERT L. WILSON, Judge.

REVERSED.

*Smith & Krauthoff, B. Pike* and *D. L. Hawkins* for appellant.

(1) Damages claimed because of an increase of the value of the lands are not general, but special. It was necessary, therefore, that the damages thus claimed

should be alleged with particularity, in order to prevent surprise to the defendant. *State v. Blackman*, 51 Mo. 319 ; *O'Leary v. Cowan*, 31 Mo. 117 ; *Lusk v. Briscoe*, 65 Mo. 555. (2) The petition is founded upon a contract alleged to be evidenced by the receipt of August 20, 1881, signed by "O. P. Hedges & Co., Agents." The receipt is not a contract of the defendants, but of O. P. Hedges & Company, and the defendants are not liable on the same in this action. *Chouteau v. Paul*, 3 Mo. 260 ; 3 Bing. on Real Prop. 481 ; *Pumpelly v. Phelps*, 40 N. Y. 59. (3) At law the time of the performance of the contract, when expressed in it, is of its essence ; if not so expressed, the time for the performance depends upon the intentions of the parties, to be gathered from the circumstances of the transactions. Leake on Contracts, 848, 849 ; 1 Sugden on Vendors [8 Am. Ed.] pp. 410-11, sec. 13, note *e*. Even in equity, from the nature and circumstances of the contract, time may become of its essence. 1 Story's Eq. [11 Ed.] sec. 776. (4) If, in the sale of real estate, the only thing to be done on the part of the vendor is to deliver the deed, or on the part of the vendee to pay the purchase money (if no time for the performance of these acts is fixed in the contract), they are performable on demand. The one party has a right to the money on tender of a deed, and the other to a deed on tender of the money—on demand. *Warren v. Wheeler*, 8 Met. 97, 99, 100 ; *Manuel v. Holdredge*, 45 N. Y. 151, 153; *Meason v. Kanie*, 67 Pa. St. 126, 134, 135 ; *Russell v. Ormsbee*, 10 Vt. 274, 277. (5) A breach of contract occurs when there is "any defect in the performance of it." Leake on Contracts, 868. The evidence in the case at bar shows numerous breaches. Crumb's unequivocal act of refusal of the deeds and his return of the purchase money was a breach of the contract. *Gehr v. Hagerman*, 26 Ill. 438. (6) The court committed error in declaring that the loss of the bargain was an element of damages as applicable to the facts of this case.

Such damages are not recoverable, where the vendor without fraud refuses to convey, because of inability to make a good title. *Flureau v. Thornhill*, 2 W. Black. 1078; *Engel v. Fitch*, 4 B. & S. 421; *Kirkpatrick v. Downing*, 58 Mo. 32; 1 Sedg. on Dam. [7 Ed.] 364, 370.

*Dennis & Smith* for respondents.

(1) The facts constituting the damages are sufficiently alleged in the petition. *Kelley v. Beauchamp*, 59 Mo. 178; *Lusk v. Briscoe*, 65 Mo. 560. (2) The contract sued on was that of the principal, and not of Hedges & Company. *Stackpole v. Arnold*, 11 Mass. 27; Story on Agency [8 Ed.] sec.147. The authorities cited by appellant, to maintain the position that the name of the principal must be signed by the agent, are cases of instruments under seal. Whenever it can be gathered from the whole instrument that the party describes himself and acts as agent, and intends thereby to bind the principal, it will be sufficient. Story on Agency [8 Ed.] sec. 160*a*; *Lindus v. Brodwell*, 5 Com. B. 583; *Fuller v. Hooper*, 3 Gray, 334. Parol evidence is also admissible to show whether a contracting party is principal or agent. *Wilson v. Hart*, 7 Taunt. 260; *Potter v. Yale College*, 8 Conn. 60; *Railroad v. Benedict*, 5 Gray, 561. (3) In a contract like the one sued on, time is never of its essence unless made so by the contract. 1 Sugden on Vendors [8 Ed.] 396. The construction of contracts in regard to the time of their performance is the same in equity as at law. Leake on Contracts, 845. No time having been expressed in the contract, and the delivery of the abstracts being a condition precedent going to the whole contract, a reasonable time will be implied, and it cannot be rebutted by extrinsic testimony going to fix a definite time, because this would vary the contract. 1 Sugden on Vendors [8 Ed.] 396; Leake on Contracts,

848 ; *Atwood v. Cobb*, 16 Pick. 227.   (4)   The vendor of
land is bound to deliver to the purchaser a full and fair
abstract of title at his own expense.   The delivery of
the title deeds is not equivalent to the delivery of an ab-
stract, unless accepted as such.   *Home v. Wingfield*, 3
M. & G. 33 ; 2 Leake on Contracts, 831.   (5)   Failure to
pay purchase money is no cause for forfeiture.   *Leach
v. Torney*, 21 Ia. 271 ; *Presser v. Hildebrand*, 23 Ia. 483 ;
*Wells v. Maxwell*, 32 Beav. 408.   It is a general rule
that a party having a right of rescission, because of the
fault or act of the other, should make known his res-
cission as soon as may be after he knows his right to
rescind.   2 Parsons on Contracts [7 Ed.] 815 ; *Central
Bank v. Pinder*, 46 Barb. 467.   And the right to aban-
don a contract rests only in the party who has been
guilty of no fault, for one cannot take advantage of his
own wrong in order to put an end to a contract into
which he has entered.   2 Chitty on Contracts [11 Am.
Ed.] 1092, 1093 ; 2 Parsons on Contracts [7 Ed.] 813.
When the facts are disputed, or if the question of time
depends upon other controverted facts, or where the
motives of the party enter into the question, it has been
said that the whole must necessarily be submitted to a
jury.   *Hill v. Hobart*, 16 Me. 164 ; *Greene v. Dingley*,
24 Me. 131 ; *Ellis v. Thompson.* 3 M. & W. 445.
(6)   Where the question as to reasonable time depends
upon facts in issue, it is for the jury.   Wells on Law
and Fact, 135.   It is only where the facts are clear and
undisputed that the question what is reasonable time is
for the court.   *Wiggins v. Burkham*, 10 Wall. 132.
(7)   The trial court properly declared the law as to the
rule of damages, as laid down in *Kirkpatrick v. Down-
ing*, 58 Mo. 44 ; 2 Suth. on Dam. 212, 213, 214 ; *Wells v.
Abernathy*, 5 Conn. 222 ; *Hopkins v. Lee*, 6 Wheat. 118.
*Doherty v. Dolen*, 65 Me. 89, 90 ; *Hopkins v. Yowell*, 5
Yerger, 306.   " The measure of damages is the value of
the estate at the time of the breach."   8 Humph. 653 ;

*Bryant v. Hembrick*, 9 Ga. 135 ; *Pumpelly v. Phelps*, 40 N. Y. 64, 65, 67 ; *Mason v. Kaine*, 67 Pa. St. 134 ; *Drake v. Baker*, 34 N. J. L. 358.

BLACK, J.—Plaintiffs, who are partners under the name of Hartzell & Brother, brought this suit to recover damages for a breach of the following contract:

"Received of Hartzell & Brother one hundred dollars as earnest money on purchase of 722 acres, leaving a balance of fourteen hundred dollars (describing land), in Bollinger county, Missouri, the last described 165 acres to be Q. C. deed, balance warranty, from the owner, D. S. Crumb, and his wife.
"O. P. Hedges & Company, Agents.
"Bloomfield, Mo., August 20, 1881."

Hedges & Company were real estate agents at St. Louis, and had Crumb's land for sale as his agents. Hartzell, Hedges and Crumb met at Bloomfield, and the above contract was then made on the day of its date. It was signed by Hedges in the presence of and at the request of Crumb. Hartzell then paid the one hundred dollars, fifty of which Crumb retained, and the balance was handed to Hedges to procure abstracts and forward them to Hartzell in Indiana, and, if satisfactory, Hartzell was to send the balance of the purchase money to St. Louis. Crumb forwarded deeds to a bank at St. Louis on the twenty-second of the same month to remain there for ten days. The first abstract was not such as Hedges and Crumb saw fit to submit to Hartzell, and others were procured. This caused considerable delay. In the meantime the bank returned the deeds to Crumb. Hartzell received the abstract about the first of October, 1881, and at once remitted the balance of the purchase money to a bank in St. Louis. Crumb, on receiving notice of this, wrote Hedges a letter in which he enclosed

a check for the fifty dollars earnest money, and in it he says: "I became satisfied that your purchaser had given up the trade and gave Weber the refusal again. He this day tells me he will take the land." Hedges refused to receive the check, saw Crumb, and it would seem the latter agreed to make the deeds. At all events, on the twenty-fourth of October, 1881, Crumb sent to St. Louis a quit-claim deed of the land to Hartzell. In a letter of the same date to Hedges, he notified the latter of that fact, and then refers to adverse claims made to the land, and says he does not want, at the price at which he was selling the land, to have any trouble thereafter. Hartzell refused to accept this deed, and insisted upon a warranty and a quit-claim deed,·as agreed upon in the contract. There is evidence to the effect that Crumb refused to make the deeds, as he had agreed, because of the increased value of the lands, from the contemplated or actual construction of a railroad near to them. On the other hand, there is evidence tending to show that the abstracts disclosed some defects in Crumb's title ; that Bollinger county made claim to the land, and for these reasons he declined to convey to plaintiff by warranty deed. He sold the land to Brown on the fourth of April, 1882, by quit-claim deed, for fifteen hundred dollars.

1. It is earnestly insisted, in an elaborate brief for the appellant, that the court erred in the instruction as to the measure of damages. By this instruction the jurors were told that the measure of damages would be the sum paid on the contract with six per cent. interest, and, in addition thereto, the difference between the price Hartzell & Brother agreed to pay and the market value of the land at the time of the breach. The rule of *Flureau v. Thornhill*, 2 W. Black. 1077, is strongly contended for by the appellant. There it was held that, if the title proved bad, and the vendor was, without fraud, incapable of making a good one, the purchaser

was not entitled to damages for the goodness of his bargain. The reason for the rule, as given by Blackstone, J., is, that these contracts are merely upon condition, frequently expressed, but always implied, that the vendor has a good title. After nearly one hundred years, it was again ruled in *Bain v. Fothergill*, L. R. 7 Eng. & Ir. App. [H. L.] 158, that, upon a contract of sale of real estate, where the vendor, without default, is unable to make a good title, the purchaser is not entitled to recover damages for the loss of his bargain. The fluctuation and the different applications of the rule are fully discussed in the case last cited, and, also, by all the text writers upon the subject. The authorities in the United States, as to the measure of damages where the breach is on the part of the vendor, are conflicting and cannot be made to harmonize. It would seem that where the doctrine of *Flureau v. Thornhill* has been applied, in whole or with modifications, the question of good or bad faith on the part of the vendor is made an element in determining the measure of damages.

In *Kirkpatrick v. Downing*, 58 Mo. 32, the vendor gave the vendee a title bond for the conveyance of the land upon the payment of the purchase money. A part of the money had been paid when the wife of the vendor, without authority, surrendered the bond, and the vendor sold the land to another person, thereby putting it out of his power to make a deed to his first vendee. In a suit on the bond, brought by the vendee, the trial court gave, as the measure of damages, the amount of the purchase money paid, and refused to instruct on the basis of the difference between the purchase price and the value of the land at the time of the breach, it having been shown that the land had greatly decreased in value at that date. Wagner, J., speaking for the court, refers to the conflict in the authorities, and proceeds to a review of them to determine which line would most likely promote the ends of justice. It is held that the

Hartzell v. Crumb.

rule must be reciprocal; that, where the property has enhanced in value the purchaser gets the benefit of the enhancement, and, where a depreciation has taken place, he must submit to a corresponding loss. The further conclusion is stated as follows: "But where there is evidence given showing a change in the value of the land, the value at the time the breach occurred, and when the conveyance ought to have been made, will furnish the standard of damages. This is fair and just for both parties, as they obtain precisely what they are entitled to, and the basis is predicated on actual loss—the full and adequate compensation." The instruction there refused, and which, it was held, should have been given, did also predicate the fact that the defendant sold the land to the third person in good faith; but that fact is not made an element entering into the conclusion reached.

The court then quoted approvingly from *Hopkins v. Lee*, 6 Wheat. 109, where it is ruled that it makes no difference in principle whether the contract be for real or personal property. "In both cases the vendee is entitled to have the thing agreed for at the contract price, and to sell it himself at its increased value. If it be withheld, the owner ought to make good to him the difference."

The rule which allows damages in these cases the same as in sales of personal property has been followed in a number of the states. The decisions to that effect are collected in the notes to 1 Sedgwick on Measure of Damages [7 Ed.] page 429. The author of the notes says: "We believe the rule to be the correct one on principle." The rule that excludes the distinction between contracts made for the sale of real estate and personal property, and also excludes, as a consequence, any consideration of the question of good or bad faith, seems to meet with the approval of some of the modern text writers. Field on Dam., secs. 504, 506; or, as stated

in 2 Sutherland on Damages, page 211: "The general rule is the same that applies generally adequate compensation for the actual injury, or, as it is briefly expressed, damages for the loss of the bargain. In some jurisdictions there is no deviation from this rule on account of good faith, and inability to perform, resulting from an unsuspected defect in the vendor's title; and then the symmetry of the law relating to sales is preserved."

It is to be remembered that in this country, especially in the western states, lands are quite as much the subject of trade as personal property. Titles for the most part are not complicated. Statute law has reduced conveyances to a great degree of simplicity. There is no good reason why one who undertakes to sell real property by a specified form of deed should not abide the terms of his contract. He can readily contract against any unexpected, real or supposed defect in the title. So long as the vendee is willing to accept the deed bargained for, the vendor ought not to be relieved from paying an adequate compensation for breach of the contract. The supposed or real defect in the title, and the question of good faith, or want of good faith, should not be considered. Adequate compensation requires that the vendee should be put in the same position, as near as can be done by the award of damages, that he would have been in, if the contract had been executed as agreed. Where the purchase money has not been paid, the measure of damages is the difference between the contract price and the value of the property at the date of the breach. In this case the damages will also include the advance payment; we, therefore, adhere to what was said in *Kirkpatrick v. Downing, supra.*

2.    As to the date of the breach, the court in substance told the jury that, before the defendant could rescind the contract on the ground that plaintiffs had failed to comply with their part of it, he must give them notice in writing of the date at which the contract would

end, which must be a reasonable time after notice given. The other instruction upon the subject is as follows :

"The jury are instructed that in this case, unless they believe from the evidence that Crumb gave plaintiffs, or their agents, direct and positive notice that he would not carry into effect the contract to convey the lands to Hartzell & Brother, made at Bloomfield August 20, 1881, then the breach, if any, occurred when the defendant, Crumb, put it out of his power to comply with his contract by conveying it to Brown on the fourth of April, 1882."

There is no evidence that notice of the termination of the contract in writing was given by defendant. Under these instructions, the jury could not have found the date of the breach to have been earlier than the fourth of April, 1882. Now there is evidence tending to show that in October, 1881, the defendant refused to do more than make a quit-claim deed, and that plaintiffs then refused to accept such a deed, and all this was known to both parties. Indeed, the plaintiffs seem to have acted upon this understanding, for they withdrew their deposit in January, 1882. The time consumed in furnishing abstracts to the plaintiffs could not operate against them. When they received the abstracts and forwarded the money, which they did in due time, and Crumb had notice thereof and refused to make a warranty deed, and communicated that fact by himself, or agents, to the plaintiffs, then there was a breach of the contract, full and complete. The plaintiffs could have sued for damages at once. No further or additional notice was required. It should be left to the jury to determine when the breach occurred, by stating hypothetically what facts would constitute a breach. Of course if there was no breach prior to the deed to Brown, then that date may be taken as the date of the breach.

3. The further claim is, that the contract is not the

defendant's contract, but the contract of Hedges & Company. It is to be noted that this is not a contract under seal. In contracts of the character here in question, it will be sufficient, if, upon the whole instrument, it can be gathered that the party acted as agent and intended to thereby bind the principal and not to bind himself. Story on Agency, sec. 160*a* [9 Ed.]; *Klostermann v. Loos*, 58 Mo. 290, and cases cited. As said in that case, if the instrument is so uncertain in its terms as to throw the whole matter in doubt, whether the principal or agent is to be held bound, such uncertainty may be obviated by the introduction of parol testimony. Here Hedges & Company sign the contract as agents, Crumb is stated in it to be the owner of the land, and he and his wife are to make the deed. On proof of the agency of Hedges & Company, we are of opinion the contract sufficiently appears to be the contract of Crumb. But the evidence of the other circumstances under which it was executed was properly admitted.

It results from what has been said, that the judgment must be reversed and the cause remanded, for the period at which the value of the land is to be estimated is material and important in this case, and upon that question the jury was misdirected.

Judgment reversed and cause remanded. All concur.