SALLIE ANN WOOD et al., Appellants, v. JOHN H. MOTLEY et al., Respondents.

**St. Louis Court of Appeals, January 30, 1900.**

1. **Surety and Principal:** WAIVER OF CONTRACT. One who in reality is a surety may contract as principal. He may waive the rights which the law throws around a surety, and the surety does waive such rights when he in terms contracts and agrees to be bound as principal.

2. ——: ——: WRITTEN CONTRACT: ORAL EVIDENCE. In the case at bar, the plaintiffs having established their relationship as principal debtors to defendant by the express written contract to that effect, the plaintiffs are not longer entitled to be treated by him on the footing of sureties, nor to adduce oral evidence in contradiction of their written contract.

Appeal from the Pike Circuit Court.—*Hon. Reuben F. Roy,* Judge.

AFFIRMED.

*J. H. Blair & Son* for appellant.

(1) The court should have permitted the plaintiff, Sallie A. Wood, to testify, that it was represented to her that the defendant Motley only wanted the plaintiffs' note as security, and that they were induced to execute it by that representation. John K. Wood testified that he went to see them at the solicitation of Motley, to get them to give their note as security for the $390. Said Wood communicated that request to them and induced them to execute the note. The evidence was proper to show the relations of the payee and the ostensible makers of the note, viz.: that the makers were sureties only. The debt of $390 was John K. Woods' and plaintiffs were his sureties, though he does not appear on the face of the note as a party to it. "A surety is a person who being able to pay a debt, or perform an obligation, is entitled, if it is enforced against him, to be indemnified by some other person who ought himself to have made payment or performed before the surety was compelled to do so, and it is immaterial in what form the relation of principal and surety is established, or whether the creditor is or is not contracted with in the two capacities. The relation is fixed by the arrangement and equities between the debtors or obligors and may be known to the creditor or wholly unknown." Smith v. Sheldon, 35

Mich. 42, cited and approved in Leeper v. Paschal, 70 Mo. App. 117.

*R. L. Motley* and *E. W. Major* for respondent.

(1) There is no equity, whatever, in the bill and the court did right in dismissing same and dissolving the injunction. This matter was an ordinary business transaction, conducted in a fair, ordinary and legitimate way. The consideration for the resale of the one hundred and sixty acres from John K. Wood to John H. Motley was in excess of the amount originally paid for same by Wood. He, furthermore, had the use of the farm for four years, and received his living and all incidental profits therefrom. Even if this was not true, courts do not attempt to interfere and say whether or not a man has made a good contract. They do not make contracts for people. (2) Appellants have used every artifice and ingenuity in their attempt to make it appear that Sallie A. Wood and Marcus W. Wood were sureties for their son, John K. Wood, on the $390 note. They have based their entire case and argument on that assumption. There is no evidence or proof whatever, tending even to establish such, and the position is not correct and is unwarranted; hence, appellants' argument and decisions have gone amiss and do not reach the case as it presents itself in its simple facts. This note executed by the appellants for $390, together with the $10 paid by John K. Wood made the first payment on the land sold.

BOND, J.—This suit is to restrain the foreclosure of a deed of trust given by plaintiffs to secure a note for $390 executed by them to defendant Motley. The transaction out of which the note arose was, to wit: In March, 1893, the son of plaintiffs bought 160 acres of land from defendant, Motley, agreeing to pay therefor, $400 in cash and to give his

note, secured by a deed of trust on the land, for the remaining $1,400. In consummating this trade defendant Motley agreed with the purchaser, in lieu of the cash payment, to take $10 in cash from him, and a note executed by his parents for $390, secured by a deed of trust on a tract of land owned by the makers. Some payments were made by the purchaser upon his own, and some payments were made by him on the separate note signed by his parents. Thereafter he reconveyed the land which he had purchased to the original vendor, receiving for such reconveyance the surrender of his own note for $1,400, and the payment of taxes on the land for the year 1896, and an acknowledgment of a further credit of $100 on the note given by his parents. Upon a disclosure of these facts in the evidence adduced by plaintiffs, the court dissolved a temporary injunction theretofore granted by it, adjudged that plaintiffs were not entitled to a cancellation and delivery up of their note for $390, and dismissed their suit, from which decree they appealed to this court.

The theory of the learned counsel for appellants is that plaintiffs by the execution of their note for the cash payment which their son had agreed to make upon his land trade, became both as to him and as to his vendor mere sureties and entitled as such to be discharged from any further obligation on their said note, by reason of the fact that the vendor of the land, without their knowledge or consent took a reconveyance from the purchaser instead of enforcing a foreclosure of the deed of trust which had been given to secure the purchaser's note for the deferred payment. The objection to this contention is, that the plaintiffs gave their separate note as principal debtors for the cash payment due from their son to his vendor and secured this independent note by a deed of trust on a different tract of land which belonged to them in their own right. By this express contract on their part to become principal debtors to defendant Motley the plaintiffs waived

any and all rights which might otherwise have enured to them as sureties under the foregoing facts. In the language of the supreme court: "One who is in reality a surety may contract as a principal. He may waive the rights which the law throws around a surety, for such a waiver has nothing in it offensive to the law; and the surety does waive such rights when he in terms contracts and agrees to be bound as principal." Beers v. Wolf, 116 Mo. l. c. 183; McMillan v. Parkell, 64 Mo. 286; Picot v. Signiago, 22 Mo. 587. Having established their relationship as principal debtors to defendant Motley by the express written contract to that effect, the plaintiffs were no longer entitled to be treated by him on the footing of sureties, nor to adduce oral evidence in contradiction of their written contract. Bank v. Terry, 67 Mo. App. loc. cit. 17, and cases cited. The learned circuit judge evidently applied these principles of law to the disposition of this case when he refused the relief prayed for and dismissed the suit. The decree is manifestly correct, and is affirmed. All concur.