## M. MYERS, Appellant, v. FRANK CHESLEY, Respondent.

Springfield Court of Appeals, June 17, 1915.

1. **BILLS AND NOTES: Evidence: Parol: When Admitted to Explain Signature.** Where it is doubtful from the face of a note whether it was intended as the personal contract of the individual signing it or as imposing the obligation solely on a third person as principal, whose name is also signed, parol evidence is admissible to show the true relation of the signer to the instrument.

2. ————: **Evidence: Parol: When Admitted to Explain Signature.** Action on a note which read: "I, we or either of us as principals

promise to pay, etc., . . ." At the usual place for the sig-
nature there was placed with a rubber stamp: "Blue Bell Min-
ing Company" followed by two blank lines, the word "president"
following the first and the word "secretary" following the sec-
ond. Defendant's name was signed on the first line, preceding
the word "president," another's signature being on the second
blank line. An ambiguity was presented on the face of said
note and parol evidence was admissible to show whether de-
fendant signed individually as maker or merely in his official
capacity as president.

3. ————: Note of Corporation: Signature by President: No Indi-
vidual Liability. Where defendant signed a note not in his
individual capacity but as president of the corporation whose
name the note also bore, and he was merely acting as agent
for such corporation, no liability thereon attached to him per-
sonally.

Appeal from Jasper County Circuit Court, Division
Number One.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*A. H. Redding* and *George V. Farris* for appel-
lant.

*Kelsey & Cameron* for respondent.

STURGIS, J.—This is a suit on the following
promissory note:

"Pierce City, Mo., Dec. 1-1912. $1500.
Six months after date, without grace, I, we or
either of us, as principals, promise to pay to the order
of M. Myers at the office of the Pierce City National
Bank, Pierce City, Missouri, fifteen hundred 00-100 dol-
lars, for value received, with interest at the rate of
eight per cent per annum after maturity until paid,
and if interest be not paid annually, to become as prin-
cipal and bear the same rate of interest.

                    BLUEBELL MINING COMPANY
                    FRANK CHESLEY, Pres.
                    VERA E. WHITTEN, Sec'y."

It will be noted that the defendant is sued individually though signing the note immediately under the name of the corporation and adding the word "Pres." to his signature. The defense is that this defendant did not sign the note as maker individually or so as to make the note his personal contract, but only in his official capacity as president of the corporation and showing by whom the note was executed on behalf of the corporation. The court, over plaintiff's objection, admitted evidence to sustain this defense and found the issues for the defendant. The evidence sustains the finding that the defendant at the time of executing the note was president of the corporation named and that he executed the note for and on its behalf, signing it only in his official capacity as agent of the corporation. The original note is produced here and shows that the signature of the corporation is made with a rubber stamp which stamps the name of the corporation thereon and leaves two blank lines thereunder, the first ending in the word "Pres." and the second in the word "Sec'y." The signatures of this defendant and of Vera E. Whitten are then written on such lines in ink.

The plaintiff contends that the note by its terms purports to and does bind all the parties signing it as principals and that it is not competent to vary, explain, or contradict the written contract by parol evidence to the effect that defendant did not sign individually as a maker. The doctrine is invoked that one who signs and expressly contracts as a principal in the note cannot prove by parol evidence that he signed and is bound in some other capacity, as for instance a surety. [Stephenson v. Bank, 160 Mo. App. 47, 52, 141 S. W. 691; McMillan v. Parkell, 64 Mo. 286; Wood v. Motley, 83 Mo. App. 97; Beers v. Wolf, 116 Mo. 179, 22 S. W. 620.] These cases, however, are not applicable to the facts here disclosed. These are cases where the defendant unequivocally contracted to

be bound as a principal or maker of the note and then sought to show that he was not bound according to his contract but was bound in a different capacity. In such cases the parol evidence plainly contradicts and varies the plain terms of the contract and is therefore not admissible. Here, however, we have a case where the note and defendant's signature thereto do not clearly and unmistakably show him to have bound himself as a maker. It suggests the contrary. One may sign a note merely to attest or witness the signature of another or as an agent of another or as a surety, and where the instrument creates an ambiguity as to the capacity in which one signs or itself indicates that the person signing it is not intending to bind himself personally, then parol evidence is admissible to show the true relationship of the party signing to the instrument. "While it is true, as a general rule, that the liability of the principal or agent must be gathered from an inspection of the paper itself, there are nevertheless some cases in which doubtful expressions are used, or the instrument is so inaptly put together, that the precise meaning to be collected from its face is left so ambiguous or obscure as to render its interpretation, *per se,* too difficult and uncertain for just and sound construction." [1 Daniel on Negotiable Instruments (6 Ed.), sec. 418, p. 527.]

That this case falls within the class of cases where parol evidence is admissible to show that defendant signed as an agent of the corporation, if, indeed, the note does not conclusively show that fact, and is not bound individually is supported by the weight of authority in this and other jurisdictions. Thus, in Smith v. Alexander, 31 Mo. 193, a note reading that "I promise to pay," etc., and signed "J. H. Alexander, Treas'r Ohio & Miss. R. R. Co." was held to admit parol evidence showing that Alexander signed as agent for his company and bound it and not himself. The court there said: "Although it would appear to be by no

means settled that such a mode of execution—the mere addition to the official character to the name—is tantamount to a disclaimer of personal responsibility, it is deemed such an indication of the representative character as to warrant a resort to parol evidence, not of course to contradict or vary the writing, but to explain it. The purpose of introducing parol evidence in such cases is to prove extrinsic circumstances, by which the respective liability of the principal and agent may be determined such as to which the consideration passed and credit was given, the agent's authority, etc. When the names of *both principal and agent appear on the instrument,* and the contract, though in the name of the agent, discloses a reference to the business of the principal, so that the instrument as it stands is consistent with either view of its being the engagement of the principal or of the agent, parol evidence is admissible in a suit against the agent to charge him by showing either that credit was given to him or that he had not authority to bind the principal, or to discharge him by proving that the consideration passed directly to his principal, etc. [1 Amer. Lea. Cas. 453, and authorities there cited.]'' (Italics ours.) A similar doctrine is announced in McClellan v. Reynolds, 49 Mo. 312, and Washington Ins. Co. v. St. Mary's Seminary, 52 Mo. 480. The Supreme Court, in speaking of the case last cited, said, in Sparks v. Dispatch Transfer Co., 104 Mo. 531, 543, 15 S. W. 417, ''that the ambiguity appears on its face, growing out of the word 'president,' affixed to McCarthy's name.'' This Sparks case reviews the Missouri cases on the point in question and announces the doctrine that, where it is doubtful from the face of the note whether it was intended as a personal contract of the individual signing it or as imposing the obligation solely on a third party as principal, parol evidence is admissible to show the true relation of the signer to the instrument; but that in order to let in such evidence the ambiguity must appear on the

face of the instrument and that no person can be charged as a maker of the note unless his name is in some way disclosed upon the instrument itself. As to what is sufficient to create an ambiguity on the face of the instrument, the court quotes, page 544, with approval from Bank of Alexandria v. Bank, 5 Wheaton, 326, 5 L. Ed. 100, that: "On the contrary, the *appearance of the corporate name* of the institution *on the face of the paper* at once leads to the belief that it is a *corporate,* and not an individual, transaction," but points out that in the cases where parol evidence is admissible, "they are all unlike this case, in that in each of them there was some addition, such as 'president,' 'worshipful master,' 'treasurer,' or some title designating an agency on the face of the paper itself, and in such cases the law permits the ambiguity to be explained."

In the present case not only does the personal signature of defendant add the word "Pres." to his name, but the instrument discloses on its face a principal for whom he is acting, so that the rule stated in Mechem on Agency, sec. 438, and 1 Daniel on Negotiable Instruments (6 Ed.), sec. 403, that: "Where, however, no principal is disclosed upon the face of the instrument, for whom or in whose behalf it appears to have been made," the person signing will not be relieved of the obligation by the mere addition to his name of some word, such as "president" or "secretary," indicative of official character, is not applicable. [Studebaker Mfg. Co. v. Montgomery, 74 Mo. 101, 103.]

The rationale of this rule of law is well stated in Reeve v. National Bank of Glassboro, 16 L. R. A. 143, where the court was considering a note reading that "We promise to pay," etc., and signed "Warrick Glass Works, J. Price Warrick, Pres." The court there said: "The result of the best-considered decisions is this: Where nothing appears in the body of a note to indicate the maker, and the note is signed

by a corporate name, under which name appears the name of an officer of the company, with his corporate official title affixed thereto, in such case the note is taken conclusively to be that of the corporation. Where, however, a note drawn in a similar form, except as to the signatures, is subscribed by the name of an officer of a corporation, to which name is affixed his title as an officer of a particular corporation, the result is not the same. In respect to notes drawn in the last-mentioned form, the courts in most of the States hold that there is an ambiguity arising out of this manner of coupling the names of the natural person and of the corporation. It is therefore open to the parties to introduce extrinsic testimony to disclose facts from which it can be concluded which of the parties should be regarded as the maker. . . . If, therefore, the present notes had been signed, 'J. Price Warrick, President of the Warrick Glass Works,' it, in the absence of parol testimony to show a contrary intention, would be regarded as the note of Warrick. As the notes are signed with the name of the corporation, followed by the words, 'J. Price Warrick, Pres.,' they are taken to be corporation paper. This conclusion seems to rest upon rational ground. The name of the corporation signed first stands as a principal, and that of the officer as agent. The name of a corporation, so placed, raises the implication of a corporate liability. To so place it requires the hand of an agent. The name of an officer of such corporation, to which name the official title is appended, put beneath the corporate name, implies the relation of principal and agent. It means that, inasmuch as every corporate act must be done by a natural person, this person is the agent by whose hand the corporation did the particular act. . . . I do not perceive any significance in the use of the words, 'We promise to pay,' instead of 'The company promises to pay.' The contention was that the use of these words raised an implication that it was the joint note

of· the corporation and Warrick. But, as has been re-
marked in more than one of the cases cited, in which
the notes contained a promise in like form, the words
'we' is often used by a corporation aggregate.'' In
Liebscher v. Kraus, 74 Wis. 387, 43 N. W. 166, the court
held that a note reading, ''We promise to pay,'' etc.,
and signed ''San Pedro Mining and Milling Company.
F. Kraus, President,'' conclusively shows that it is the
note of the company only. There are many cases, some
of them cited in respondent's brief, supporting this
same doctrine. Whether the present note conclusively
shows that only the Bluebell Mining Company is bound
or admits of parol evidence on that point we need not
decide as the result is the same.

The plaintiff relies on the case of McCandless v.
Belle Plaine Canning Co., 78 Ia. 161, 42 N. W. 635, 4
L. R. A. 396, which is a direct authority that a note
bearing a corporation signature followed by an indi-
vidual signature with the word ''president'' or ''secre-
tary'' attached, conclusively binds the individual as a
maker. This doctrine has, however, been practically
repudiated in that State.     In Matthews v. Dubuque
Mattress Co., 87 Ia. 246, 54 N. W. 225, 19 L. R. A.
676, the case just mentioned was followed by a divided
court so far as it applied to an *action at law* on such
note, and, in Capital Sav. Bank & Trust Co. v. Swan,
100 Ia. 718, 69 N. W. 1065, the court held that where
the individual signing indicated his official capacity by
such words as ''president'' or ''secretary,'' and when
sued thereon asked that the note be corrected so as to
show that he signed officially and not individually, the
court would admit parol evidence even against one who
purchased the note without other knowledge than that
afforded by the face of the note. The question was
thus reduced to one of mere pleading and in Western
Wheeled Scraper Co. v. Stickleman, 122 Ia. 396, 98 N.
W. 139, the same court announced that it no longer
adhered to the rule even in an action at law. The In-

diana court in Swarts v. Cohen, 38 N. E. 536, refused to follow the early Iowa rule as being against the weight of authority.

This rule of law, adopted in this and other States, permitting parol evidence to show that defendant signed the note only in his official capacity as agent of the corporation whose name is disclosed on the face of the note, is not in conflict with the Negotiable Instrument Act but is in full accord with its provisions. The Negotiable Instrument Act, section 9991, Revised Statutes 1909, contains this provision: "Where the instrument contains or a person adds to his signature, words indicating that he signs for or on behalf of a principal or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." Ogden on Negotiable Instruments, page 26, in speaking of this provision, says: "If the agent sign a note with his own name, and discloses no principal, he is personally bound. And though he write 'agent' after his name, he is still bound personally unless the name of the principal can be found within the four corners of the instrument." In speaking of this rule permitting parol evidence as applied to the Negotiable Instrument Law, 1 Daniel on Negotiable Instruments (6 Ed.), sec. 418, page 529, says: "The rule that where there is any ambiguity or uncertainty as to whether the signature of an individual was made in his personal capacity or in his representative capacity as agent or officer of a corporation, parol evidence may be received to explain it, has been recognized under several provisions of the statute." This statement of the law is fully borne out by the cases there cited, and particularly Western Grocer Co. v. Lackman, 75 Kan. 34, 88 Pac. 527, where the note was signed "The Kansas City & Olathe Electric Ry. Co., Wm. Lackman, President,

D. B. Johnson, Secretary,'' and Germania Nat. Bank v. Mariner, 129 Wis. 544, 109 N. W. 574, where the note was signed ''The Northwestern Straw Works, E. R. Stillman, Treas. John W. Mariner.'' See also Dunbar Box & Lumber Co. v. Martin, 103 N. Y. Supp. 91, where the note reads ''We promise to pay,'' etc., and was signed ''Varick Contracting Company, John L. Martin,'' and it was shown that the company name was affixed by a rubber stamp and Martin's name inserted in the blank space evidently intended to hold the officer's signature.

We hold, therefore, that the court did not err in admitting the evidence complained or or in finding the issues for the defendant. The judgment is affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.