VIRGINIA FINCH, RESPONDENT, v. J. W. HEEB, L. C. BISPLINGHOFF, AND J. C. WYLIE, APPELLANTS—107 S. W. (2d) 962.

In the Springfield Court of Appeals. August 2, 1937.

592

*Ray B. Lucas* and *Dearmont, Spradling & Dalton* for appellants.

*J. Grant Frye* for respondent.

FULBRIGHT, J.—The respondent, Virginia Finch, will be referred to as plaintiff and the appellants, Heeb, Bisplinghoff and Wylie, as defendants.

The testimony shows that Chaffee Lodge No. 735, I. O. O. F. was duly incorporated by *pro forma* decree of the Circuit Court of Scott County, August 16, 1920; that defendants Heeb, Bisplinghoff, and Wylie were the trustees of said lodge; the proper officers to sign notes on behalf of the corporation and regularly signed notes for it; that the lodge had purchased certain real estate and had taken title in the name of the trustees; that it had thereafter borrowed $1000 from Tom Belk for the purpose of improving the lodge building; that subsequent to securing this loan Tom Belk died; and that in settling his estate the lodge was requested to subdivide the note for $1000 given by it as aforesaid and execute new notes for the purpose of making distribution of the estate of the said Tom Belk, deceased. Pursuant thereto the lodge made and executed nine notes for $100 each and one for $300, the last mentioned note including $200 interest. These notes took the place of the original $1000 note and interest that had accumulated thereon. The notes thus given were distributed among the heirs of Tom Belk, deceased. The $300 note is the one in suit.

Defendants contend that they are not personally liable on this note but that they executed it in a representative capacity as officers of the Chaffee lodge, a corporation; that they were the proper persons to sign notes for the lodge; that the note showed on its face that they were acting only in a representative or official capacity in signing said note; that they were not intended to be personally liable for said obligation; and that the note was a regularly printed form of note such as was used by the First National Bank of Chaffee.

The note was introduced in evidence. It was signed by Chaffee Lodge No. 735, I. O. O. F., which the proof in this case shows to be a corporation. Immediately following the corporate name appears the word "Trustees," then follows the signatures of the three defendants grouped together with a bracket made with a pen to the left of the names, and to the left of the bracket the word "Trus-

tees," written with a pen. In other words, the signatures appear as follows:

"Chaffee Lodge No. 735 I. O. O. F.
 "Trustees
 "(J. W. Heeb
 "(
"Trustees (L. C. Bisplinghoff
 "(
 "(J. W. Wylie."

At the close of the evidence the court directed a verdict for the plaintiff and this is the first assignment of error urged by the defendants.

We have carefully examined the cases cited by plaintiff and defendants, as well as other authorities. The vital question at issue, as we view the case, is whether or not defendants signed the note as individual makers, or in their representative capacities as agents or officers of the corporation, Chaffee Lodge No. 735, I. O. O. F. The suit was instituted and tried on the theory that the note was executed by defendants as principals. The plaintiff and the trial court took the position that there was no ambiguity on the face of the note; that defendants were conclusively bound as principals; that the instrument sued on was definite and certain; and that parol evidence was inadmissible to explain the signatures thereto.

The case of Myers v. Chesley, 190 Mo. App. 371, 177 S. W. 326, we think, is analogous to the case at bar. In the course of the opinion in that case, the court said:

"The plaintiff contends that the note by its terms purports to and does bind all the parties signing it as principals and that it is not competent to vary, explain, or contradict the written contract by parol evidence to the effect that defendant did not sign individually as a maker. The doctrine is invoked that one who signs and expressly contracts as a principal in the note cannot prove by parol evidence that he signed and is bound in some other capacity, as for instance a surety. [Stephenson v. Bank, 160 Mo. App. 47, 52, 141 S. W. 691; McMillan v. Parkell, 64 Mo. 286; Wood v. Motley, 83 Mo. App. 97; Beers v. Wolf, 116 Mo. 179, 22 S. W. 620.] These cases, however, are not applicable to the facts here disclosed. These are cases where the defendant unequivocally contracted to be bound as a principal or maker of the note and then sought to show that he was not bound according to his contract but was bound in a different capacity. In such cases the parol evidence plainly contradicts and varies the plain terms of the contract and is therefore not admissible. Here, however, we have a case where the note and defendant's signature thereto do not clearly and unmistakably show him to have bound himself as a maker. It suggests the contrary.

One may sign a note merely to attest or witness the signature of another or as an agent of another or as a surety, and where the instrument creates an ambiguity as to the capacity in which one signs or itself indicates that the person signing it is not intending to bind himself personally, then parol evidence is admissible to show the true relationship of the party signing to the instrument. 'While it is true, as a general rule, that the liability of the principal or agent must be gathered from an inspection of the paper itself, there are nevertheless some cases in which doubtful expressions are used, or the instrument is so inaptly put together, that the precise meaning to be collected from its face is left so ambiguous or obscure as to render its interpretation, *per se,* too difficult and uncertain for just and sound construction.' [1 Daniel on Negotiable Instruments (6 Ed.), sec. 418, p. 527.]

''That this case falls within the class of cases where parol evidence is admissible to show that defendant signed as an agent of the corporation, if indeed, the note does not conclusively show that fact, and is not bound individually is supported by the weight of authority in this and other jurisdictions. Thus, in Smith v. Alexander, 31 Mo. 193, a note reading that 'I promise to pay,' etc., signed 'J. H. Alexander, Treas'r Ohio & Miss. R. R. Co.' was held to admit parol evidence showing that Alexander signed as agent for his company and bound it and not himself. The court there said: 'Although it would appear to be by no means settled that such mode of execution—the mere addition of the official character to the name—is tantamount to a disclaimer of personal responsibility, it is deemed such an indication of the representative character as to warrant a resort to parol evidence, not of course to contradict or vary the writing, but to explain it.' ''

In some jurisdictions it would be held that signatures such as appear in the instant case would constitute personal obligations, and that parol evidence could not be heard to show to the contrary. However, a great number of the courts announce the rule that adding an official or a representative capacity to the signature, makes an ambiguity which may be explained, and this is the rule adopted by the courts of our State. [Smith v. Alexander, *supra*; Musser v. Johnson, 42 Mo. 74; Klosterman v. Loos, 58 Mo. 290; Hartzell v. Crumb, 90 Mo. 629, 3 S. W. 59; Cockrell v. Williams, 191 Mo. App. 246, 177 S. W. 1091; Rudolph Wurlitzer Company v. Rossman, 196 Mo. App. 78, 190 S. W. 636.] We think such an ambiguity appears on the face of the note in the case at bar as would bring it within the class of cases where parol evidence is admissible to show that defendants signed as agents of the corporation rather than as makers, if in fact the note does not so show. This being true, the court was not justified in directing a verdict for the plaintiff. More-

over, the allegations in the petition were denied by the answers filed by defendants, and evidence was introduced by both plaintiff and defendants on the issues joined.

"The rule is, that when the allegations of the petition are denied, and evidence is submitted to sustain the issues joined, the defendant is entitled to have the jury pass upon the evidence, though the defendant offers no evidence on his own part." [Milliken v. Commission Co., 202 Mo. 637, 100 S. W. 604; Wolff v. Campbell, 110 Mo. 114, 19 S. W. 622; Gregory v. Chambers, 78 Mo., l. c. 298.] The same rule is announced in the case of Reynolds v. Hood, 209 Mo. 611, 108 S. W. 86. "It is improper to give a peremptory instruction to find for plaintiff in any case where his *prima facie* case is not admitted, or where if it is admitted the defendant has introduced evidence which tends to disprove that *prima facie* case. In either of those cases the jury must weigh the evidence and pass upon the facts."

The trial court erred in giving the peremptory instruction directing a verdict for plaintiff. We deem it unnecessary to pass upon other issues raised.

For the reasons above stated, the judgment is reversed and the cause remanded for retrial. *Allen, P. J.,* and *Smith, J.,* concur.