**Eugene HARRIS, Plaintiff-Respondent,**

v.

**Jack REITZ, Defendant-Appellant.**

**No. 45290.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 25, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied March 17, 1983.

Joseph V. Neill, St. Louis, for defendant-appellant.

Gary M. Kupferle, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

In this court-tried case, we consider the re-current question of individual liability on a corporation's promissory note prepared and executed in the following fashion:

Arnold, Mo. 63010     October 21, 1973     $5,000.00

On October 21, 1974, we jointly and severally promise to pay to the order of
    Eugene Harris

The Sum of Five-Thousand & no/100 Dollars, together with interest thereon from October 21, 1973, at the rate of 8% per annum at maturity.

Payable at XXXXXX, Mo.
    Arnold

R–L–J Properties, Inc.

/s/ Robert H. Moore

President

/s/ Jack Reitz

Treasurer

Plaintiff-respondent Harris as lender, payee and holder brought suit on this note which was a renewal of a similar note which he negotiated with his son-in-law, Robert H. Moore. Mr. Moore was the president of R.L.J. Properties, Inc. (R.L.J.). The funds were deposited to the corporation account and used for corporate purposes. The only payments made on either note were interest payments made on the original note by the corporation to the plaintiff. The corporation ceased to do business in 1974 and this suit was filed in April, 1979.

Defendant-appellant Reitz by his answer admitted that he signed the note but asserted that he did so only in his official capacity as treasurer of R.L.J., and not in his individual or personal capacity.

The plaintiff offered both notes in evidence and they were received by stipulation of the parties. There was no evidence that either the plaintiff or the defendant prepared the notes.

The trial court concluded that defendant did not have corporate capacity or authority to bind the corporation; that even if defendant had such authority he was personally liable by reason of the language in the note, "We jointly and severally promise to pay." Accordingly, the court entered judgment in favor of the plaintiff and against defendant in the sum of five thousand dollars ($5,000) without interest or court costs. This appeal followed.

Applying the standard announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we reverse in that the judgment of the trial court is against the weight of the evidence and erroneously declares or applies the law.

■ We first dispose of plaintiff's contention that the signature was not authorized because the note itself describes capacity and was a part of plaintiff's evidence. Further, it is presumptively authorized. § 400.3–307, RSMo 1978.

"The general rule regarding liability incurred by an individual who signs an instrument on behalf of another party is: where the principal is disclosed and the capacity in which the individual signs is evident, e.g., president, secretary, agent, the liability is the principal's and not the individual signing for the principal. *Receivables Finance Corp. v. Hamilton*, 408 S.W.2d 44 (Mo.1966); *Reifeiss v. Barnes*, 166 S.W.2d 225 (Mo.App. 1942)." *Wired Music Inc. of the Great Midwest v. Great River Steamboat Company*, 554 S.W.2d 466, 468 (Mo.App.1977). "The presumption, in such cases, is, that it was the agent's intention to bind his principal and not to incur personal liability, and an agent will not be bound personally, except upon *clear and explicit evidence of an intention* to be bound." (emphasis added). *Bridges v. Rice*, 99 S.W.2d 531, 534 (Mo. App.1936). Further, § 400.3–403(3) provides, "*Except as otherwise established* the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." (emphasis added).

■ The issue in this case, however, is whether the provision for "joint and several liability" within the body of the note demonstrates "clear and explicit evidence of intention" that defendant be bound or, "otherwise establishes" personal liability in the face of execution where the principal is disclosed and the capacity, as agent, is evident.

The manner of execution of this note is inconsistent with joint and several liability and the resulting ambiguity requires a consideration of extrinsic facts to explain and determine the true intent of the parties. *See State Bank of Fisk v. Omega Electronics, Inc.*, 634 S.W.2d 234, 237 (Mo.App.1982), and authorities there cited.

In similar cases involving this issue we have consistently held the agent of a disclosed principal not liable on the instrument. *Myers v. Chesley*, 190 Mo.App. 371, 177 S.W. 326 (1915) ("I, we, or either of us, as principals,"—"Blue Bell Mining Company, Frank Chesley, Pres."); *Reifeiss v. Barnes*, 166 S.W.2d 225 (Mo.App.1942) ("We promise to pay"—"Metalcraft Corporation, B.M. Barnes, Secy."); *Fricke v. Belz*, 237 Mo.App. 861, 177 S.W.2d 702 (1944) ("We

promise to pay"—"J.H. Belz Provision Company, Henry Belz."); *Wired Music Inc. of the Great Midwest v. Great River Steamboat Company*, 554 S.W.2d 466 (Mo.App. 1977) ("The individual signing this agreement for the subscriber guarantees that all of the above provisions shall be complied with"—"By Frank C. Pierson, Pres.", followed by "Title, The Great River Steamboat Co. For the Corporation.")

We look therefore to the extrinsic evidence in order to determine the true intent of the parties. The plaintiff testified that he talked to Robert Moore about making a loan to the corporation; that he gave his check in the amount of five thousand dollars ($5,000), payable to the corporation, to Mr. Moore, who was his former son-in-law; the purpose of the loan was to provide working capital and that Mr. Moore told him they had a chance to buy some ground from which they were to sell fill dirt ("they," being R.L.J. Properties); and, that he never discussed with the defendant the payment of any of the principal amount by him, individually. The defendant testified that he was an accountant, that the plaintiff loaned the money to the corporation to be used as working capital; that it was deposited to the corporation account in the Lemay Bank, and that he (the defendant) never received any of the money for his personal use; and, that the interest checks on the original note were paid by the corporation.

There is absolutely no evidence in the record to indicate an intention of the parties that the defendant be individually bound. The evidence presented by both parties was to the effect that Reitz signed the note only in his corporate capacity. There is a total absence of any evidence from which the court could conclude otherwise.

Judgment reversed.

STEPHAN, P.J., and SATZ, J., concur.