Nat. Bank of Springfield v. Love.

AMERICAN NATIONAL BANK OF SPRINGFIELD, Appellant,
v. T. C. LOVE, Respondent.

St. Louis Court of Appeals, May 7, 1895.

Promissory Notes: EXTENSION OF TIME OF PAYMENT: CONSIDERATION.
The payment of interest in advance on a promissory note furnishes a
good consideration for an agreement for the extension of the time of
its payment, but it does not, of itself, afford evidence of such a con-
tract; there must be some independent evidence that the parties
agreed to such extension.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

*J. C. Cravens* for appellant.

*T. B. Love, Francis M. Wolf* and *Rufus V. Bowden*
for respondent.

BIGGS, J.—This is an action on a promissory note,
of which the following is a copy, to wit:
"$1,000.          SPRINGFIELD, Mo., Oct. 4, 1890.

"Four months after date we, or either of us,
promise to pay to the order of the American National
Bank of Springfield, Mo., one thousand dollars at the
American National Bank of Springfield, Missouri, for
value received, without defalcation or discount, and
with interest at the rate of ten per cent. per annum,
from maturity until paid.

                              "H. H. WESTMORELAND.
                              "F. M. RAMEY.
                              "T. C. LOVE.
                              "H. R. LANGSTON."

The following indorsements are on the back of the
note, to wit:   (In pencil) "Interest paid to July 1,

1891—7—3—91.'' (In pencil) ''Interest pd. to No-
vember 1, 1891.'' The defendant in his answer admitted
the execution of the note, but he alleged that he signed
it as surety for Westmoreland, and that by reason of
certain agreements between the cashier of the bank and
Westmoreland, extending the time of the payment of
the note, he (defendant) had been released from all
liability. The plaintiff denied that any such agreement
had been entered into. Upon the issues thus framed
the case was tried, and the jury returned a verdict for
the defendant, and judgment was entered accordingly.
The plaintiff has appealed.

At the instance of the defendant the court gave
two instructions. In the first the jury were told what
kind of an agreement would release a non-assenting
surety; and the second is as follows: ''And you are
further instructed that, in order to establish such an
agreement for extension of time as mentioned in the
foregoing instruction, it is not necessary to prove such
agreement in express terms, but in determining the
question, as to whether or not such agreement was
made, you may take into consideration all the facts in
evidence, and infer such agreement by implication, if
in your opinion, from a consideration of all the facts
admitted in evidence in this case, such an agreement
may be reasonably inferred.''

It is admitted by counsel for plaintiff that the
instructions are sufficient, both in form and substance,
but he challenges the sufficiency of the evidence upon
which they are predicated. It is claimed that there is
no substantial evidence that the cashier of the bank
agreed with Westmoreland to extend the time of the
payment of the note to any definite period.

Concerning the facts, it is conceded that the defend-
ant is a surety and Westmoreland is the principal in the
note; that it matured February 4, 1891; that the

interest was paid on the note from its maturity to November 1, 1891; that the interest was paid in two installments and was paid by Westmoreland, and that the payments were made without the knowledge of the defendant. As to whether the interest was paid in advance, and whether in consideration of its payment in advance Westmoreland was granted further time within which to pay the note, the evidence is conflicting. The cashier testified that the interest to July 1 was paid on the third day of that month as indicated by the figures 7—3—'91; and that the interest to November 1 was paid on the tenth of that month, as is also indicated by the figures "11th, 10," opposite the indorsement of that credit. In corroboration of this testimony of the cashier, oral evidence was admitted of entries on the interest book kept by the bank (the book having been lost), which showed interest paid by Westmoreland at the time stated in the indorsements on the note, but the amounts did not correspond. The fact was also elicited that at the time Westmoreland owed the bank other notes. On the other hand the defendant testified that he examined the note in December, 1891, and that the indorsements then on it were, to wit: "Interest paid to *June* 1, 1891," and "Interest paid to November 1, 1891." He also testified that the cashier told him that the first installment of interest was paid about the time the note matured (February 4, 1891), and that the other was paid the last of September or first of October, 1891. It thus appears that there was a decided conflict in the evidence as to when the interest was paid. The jury found that it was paid in advance, which is conclusive upon us.

The payment of interest on a note in advance furnishes a good consideration for an agreement to extend the time of its payment, but it does not of itself afford

evidence of such a contract. There must be some independent evidence that the parties so agreed. *Citizens' Bank of Bowling Green v. Moorman*, 38 Mo. App. 484; *Russell v. Brown*, 21 Mo. App. 51; *Stillwell v. Aaron*, 69 Mo. 539. As to that issue the evidence is also conflicting. The cashier testified that no contract or understanding was had with Westmoreland for extensions for any definite period; that the extensions granted were matters of indulgence only. On the other side the defendant testified to various conversations with the cashier concerning the note and his dealings with Westmoreland relating to it. The defendant does not say that the cashier made the definite admission that there was an express agreement for extensions for stated periods, but, taking all the conversations as detailed by the defendant, it is fairly inferable therefrom that such was the understanding, and that the payment of interest in advance was the consideration for the agreements. Giving full credence to the defendant's evidence and allowing every reasonable inference therefrom in his favor, as we must do, it is manifest that we can not disturb the finding of the jury.

It follows that the judgment of the circuit court must be affirmed. It will be so ordered. All the judges concur.