THE MECHANICS BANK, Respondent, v. ALBERT O. TERRY *et al.*, Appellants.

St. Louis Court of Appeals, February 25, 1896; Motion for Rehearing Overruled May 19, 1896.

1. **Evidence**: COMPETENCY OF ORAL AGREEMENT IN VARIANCE OF CONTEMPORANEOUS CONTRACT IN WRITING. Written contracts can not, in the absence of fraud, accident or mistake, be contradicted, altered or varied, by oral agreements made contemporaneously with or prior to their execution.

2. ———: ———: APPLICATION OF RULE TO PROMISSORY NOTES. A bank, which held the note of a third person with collateral security therefor, further discounted for such third person the note in suit herein which had been made for his accommodation by the defendants. Subsequently the collateral realized enough to pay both notes. *Held* (BIGGS, J., not concurring), that, under the above rule, it was not competent for the defendants to show as a defense to the note in suit that it was executed under a contemporaneous oral agreement, that said collateral should be applied to the payment primarily of said first mentioned note and next of the note in suit.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Edmond A. B. Garesche* for appellants.

*Phillips, Stewart, Cunningham & Elliott* for respondent.

BOND, J.—Plaintiff as the indorsee for value before maturity sued the defendants as makers for the amount of the following note:

"$1,100.00.          ST. LOUIS, February 25, 1893.

"Sixty days after date we promise to pay to the order of A. K. Florida eleven hundred dollars, for value received, payable at the Mechanics Bank, St. Louis, with interest from maturity at the rate of eight per cent per annum until paid.

"TERRY BROS."

The answer was that defendants executed the note for accommodation upon the representation by plaintiff and the payee, A. K. Florida, that plaintiff held a deed of trust for the security of another indebtedness of $2,500 due it from said payee. The answer further set up an agreement by said plaintiff and said Florida, that the said collateral deed of trust and note secured thereby, in addition to being held for the said indebtedness of $2,500 so due and owing by said Florida to said plaintiff bank, should also and secondarily be held and retained by the plaintiff bank as security for the payment of the note herein sued for.

"Defendants further state that thereafter the said A. K. Florida departed this life in the city of St. Louis, and that after the death of said A. K. Florida

the plaintiff bank foreclosed the deed of trust held by them as collateral, as aforesaid, and realized thereon, and received as the proceeds thereof, the sum of $5,000; that said amount of $5,000 was more than sufficient to pay the said indebtedness of $2,500, which the said Florida and the said plaintiff bank represented to defendants as due by the said Florida at the time when defendants executed the note herein sued upon, and also to discharge the indebtedness due and owing to the plaintiff bank upon the note herein sued upon.

"Wherefore defendants say that the said note, by reason of the sale had of said collateral and the receipt thereon of said sum of $5,000 by plaintiff bank, has been fully paid, satisfied and discharged, and no part thereof is now due and owing to plaintiff therein.

"Wherefore defendants pray to be hence discharged with their costs in this behalf expended."

The reply was a general denial. There was a conflict of evidence upon the issues made by the pleadings. For the defendants the court instructed, in substance, *first*, that if they were known by plaintiff to be accommodation makers of the note, and plaintiff induced them to execute it upon the promise that the proceeds of a certain deed of trust held by plaintiff as collateral security for an indebtedness of $2,500 against said Florida should be applied above that amount in payment of the present note, and that plaintiff had realized out of said collateral an amount sufficient to pay both the $2,500, which it was given to secure, and also the sum due on the note in suit, there could be no recovery in this action.

*Secondly*, the court instructed for defendants that, if the jury found that the parties agreed in the manner described in the first instruction, and the amount collected by plaintiff on the collateral security therein mentioned was more than sufficient to pay the indebt-

edness for which it was first pledged, then the surplus should be credited on the note in suit.

The court of its own motion gave the following instruction:

"If the jury believe from the evidence that the defendants made and executed the note mentioned in plaintiff's petition and delivered the same to A. K. Florida, and that the said Florida afterward, and before the maturity of said note, for value received, indorsed and delivered the same to plaintiff, and that the said note is due and unpaid, and no payments thereon were made to plaintiff either by said Florida or the defendants herein, then you will find for the plaintiff in the sum of $1,100 the amount of said note, together with interest on same at eight per cent per annum from the twenty-ninth day of April, 1893, to this date, and state the full amount now due in your verdict."

The court at plaintiff's instance instructed the jury (number 4) that, if they believed plaintiff did not agree before the delivery of the note in suit that the proceeds of the collateral security held by it should be applied to the present note "in preference to two other notes held by plaintiff against Florida, or in preference to either of them," and that Florida never directed the application of such proceeds to the note in suit, then plaintiff had a right to apply the proceeds of said collateral security to such other notes of Florida, and the jury should find for plaintiff in the present action.

The court also instructed for plaintiff (number 5) that the burden of proof "is upon the defendants to show that the note here sued on has been paid wholly or in part, and, unless upon the whole evidence before you you believe" that plaintiff received the money which it promised, or was directed by Florida, to apply on this note, the verdict must be for plaintiff.

A verdict and judgment for plaintiff for the note and interest was rendered, from which the defendants appeal. The only errors assigned relate to the giving by the court of the instruction of its own motion and those given at plaintiff's request.

The present action is one at law. The answer admits the execution of the note in suit, and alleges in effect that it was paid because plaintiff held a certain collateral security upon which it realized $5,000, and which by an agreement made with the defendants prior to, or contemporaneously with, the giving of the note, it had agreed should be applied over and above $2,500, for which it was first held, in payment of the present note, upon which the defendants were accommodation makers, and because the sum so received by plaintiff under said agreement exceeded by more than the amount of the present note the said sum of $2,500 for which the collateral was first pledged. It is not claimed in the answer that the note in suit was procured fraudulently, or by accident or mistake. It is not necessary to decide whether defendants, upon a proper showing, might have resorted to equity for exoneration from the debt of their principal. The question presented in this action, and under these pleadings, is whether or not the contract set up in the answer as a defense to the suit is one which tends to alter, vary or contradict, the contract expressed in the note sued upon.

By the terms of the note the defendants agreed unconditionally to pay a fixed sum of money at a specified time. By the contract set up in the answer they only agreed conditionally to pay what might remain of the consideration of the note after the deduction therefrom of the proceeds of a certain collateral security, in the event such proceeds did not pay the whole note. It is evident from this statement that the contract alleged in the answer is radically different from that expressed

in the note, both as to contractual obligation and the extent of pecuniary liability assumed by defendants under the note. The rule that written contracts can not, in the absence of fraud, accident or mistake, be contradicted, altered or varied, by oral agreements made contemporaneously with, or prior to, their execution has been rigidly enforced in this state. *Squier v. Evans,* 127 Mo. 514; *Boyd v. Paul,* 125 Mo. 9; *Tracy v. Iron Works,* 104 Mo. 193; *State ex rel. Yeoman v. Hoshaw,* 98 Mo. 358; *Davis v. Gann,* Mo. App. Rep. (Jan. 15, 1896) Vol. 2, page 853; 1 Daniel on Negotiable Instruments, sec. 80, *et seq.*

In the case first cited the principle settled is identical with that relied upon in defendants' answer. In that case the plaintiff loaned the fair association $53,000, taking its note therefor and receiving a pledge of $60,000 of its bonds to secure said note. The money loaned by the plaintiff was used in discharging all the indebtedness of the fair association, including some $20,000 of its notes on which plaintiff, who was a director of the corporation, was indorser. Plaintiff also received from eleven persons a written guaranty of payment of such portion of the $53,000 as might be left unpaid after the sale of the bonds pledged as security. He brought suit on this guaranty. The eleven defendants answered that they were only liable for eleven twelfths of the amount sued for, inasmuch as plaintiff, "at the time the guaranty was made, agreed to bear his share, or one twelfth, of any deficiency that might remain after the sale of the bonds of the corporation, and that it was in pursuance of this agreement and upon this consideration that they executed the guaranty sued upon." The court held that the defense thus made tended "to vary and change the terms of the written contract," and remanded the cause with directions to the

trial court to enter judgment in favor of plaintiff for the full amount expressed in the guaranty. Under the rule applied to the facts of the case quoted, the trial court in the case at bar should have excluded all oral testimony relating to the verbal agreement claimed to have been made by plaintiff with defendants at the time or before the giving of the note. The latter contract was complete in its terms, rested upon a sufficient consideration shown on its face, was not attacked for fraud, accident or mistake, and was not, therefore, in this action subject to alteration or variance by oral testimony. For the foregoing reasons it is unnecessary to discuss the criticism of the instructions given by the court of its own motion and at plaintiff's request. Defendants were not prejudiced by them, since plaintiff was entitled to a direction of the jury to find for the full amount due on the note. The judgment, having been for the plaintiff, was for the right party, and it will be affirmed. All concur; Judge BIGGS in the result.

### ON MOTION FOR REHEARING.

BIGGS, J.—The theory of the defense is that the defendants were accommodation makers of the note, and in consideration of its execution by them Florida, who was the real debtor, and Ferguson, the president of the plaintiff bank, agreed with them that a note for $6,000 which had been previously pledged by Florida to plaintiff to secure a debt of $2,500 should be held primarily for the security of the latter debt, and secondarily for the security of the note in suit; that, prior to the commencement of the present action, the plaintiff realized from the collateral note the sum of $5,000, which was more than sufficient to pay both debts. It was contended that, as both debts were due at the time the plaintiff received the money, its receipt

was tantamount to payment, and it was so pleaded in the answer.

The plaintiff denied that any such agreement was entered into, and at the trial its counsel objected to evidence tending to prove it, for the reason that it tended to contradict or vary the note, in that by the terms of the note the obligation of the defendants to pay $1,100 was absolute, whereas the evidence adduced tended to prove that they were only liable for whatever deficit there might be after realizing on the collateral. The original opinion adopts the plaintiff's view of the law, and the judgment was affirmed on that ground alone. The argument in support of the motion for rehearing is devoted entirely to an attempt to combat that position.

At the original hearing I was of the opinion (which I still entertain), that the agreement was well pleaded, and that the evidence of it was properly admitted. I concurred in the result reached in the opinion, because the defense had been submitted to the jury under proper instructions and was found adversely to the defendants.

The defendants testified to the arrangement as above stated. The plaintiff's president and cashier, with whom it was claimed the contract was made, denied that any such an agreement was entered into. There was also evidence tending to prove that the collateral note was held by the plaintiff, not only as security for the debt of $2,500, but for all other debts which Florida owed the plaintiff; and that, at the time the note in suit was given, Florida owed plaintiff an additional sum of $3,800, to the partial discharge of which the amount realized from the collateral had been applied.

At the instance of the defendants the court instructed the jury as follows:

"The court instructs the jury that, if you believe and find from the evidence in this case that the defendants executed the note in suit as accommodation for one A. K. Florida, and so advised the plaintiff bank upon the date of its execution; and if you further believe from the evidence that before the execution of said note the plaintiff bank by its officers represented to defendants that said bank held, as collateral security for a then existing indebtedness of said Florida to said bank of $2,500, a collateral note of one Julia Stratton, secured by deed of trust, which last note was for the sum of $6,000; and if you further believe and find from the evidence that the plaintiff bank, acting through any of its officers, agreed with defendants that, if they would execute the note here sued upon, it, said plaintiff bank, would, subject to the payment of $2,500 then due to it by said Florida, hold said collateral note of $6,000 as collateral for the payment of the note herein sued upon; then, if you further believe and find from the evidence in this case that the plaintiff bank subsequently realized upon said note of $6,000 a sum sufficient to discharge the indebtedness, due to it by said Florida prior to the execution of the note herein sued upon, and also to discharge the note here sued upon, your finding and verdict will be in favor of the defendants.

"The court instructs the jury that, if you believe and find from the evidence in this case that one A. K. Florida deposited with the plaintiff bank a note for $6,000 secured by a deed of trust, and it agreed with said Florida to hold same as security for a sum then borrowed, and also for any general indebtedness which might be due by the said Florida to said bank; and if you further believe that thereafter plaintiff bank, in consideration of defendants executing the note herein sued upon, agreed with said Florida and defendants

that, after the payment of the indebtedness for which said deed of trust and note for $6,000 was primarily pledged, it would hold said $6,000 deed of trust and note as security or collateral to the payment of the note herein sued upon; and if you further believe that thereafter plaintiff bank by foreclosure proceedings realized upon said note of $6,000 the sum of $5,000, or any amount; then, if you believe that said sum realized was sufficient to pay the amount due upon the indebtedness for which said collateral was first pledged to plaintiff bank, and also leave a surplus thereafter, then and in said event the court instructs the jury that it was the duty of the plaintiff bank to apply said surplus, if any, to the payment of the note in suit, and it is your duty to credit said amount upon said note as a payment thereon, and render a verdict against defendants herein for the difference, if any, between the amount of said note and the credit, if any, which under the instructions given to you by the court, should have been credited thereon."

On behalf of the plaintiff the court instructed as follows:

"If you believe from the evidence that the Stratton note and deed of trust were pledged to the plaintiff by A. K. Florida according to the terms of the $4,000 note put in evidence; and if you further believe that the said $4,000 note remained unpaid at its maturity, and that thereupon $200 of the principal was paid, and for the balance of $3,800, the $3,800 note put in evidence was given with said Stratton note and deed of trust as collateral security according to the written pledge in said note set forth; and if you further believe that said Florida indorsed and discounted with the plaintiff the $1,000 note of Chas. H. Gleason & Company, put in evidence; and if you further believe that, at the time of the sale of the property covered

by said Stratton deed of trust, said note of $3,800 and said note of Gleason & Company for $1,000, indorsed by Florida, were past due and unpaid in plaintiff's hands; and if you further believe that the plaintiff did not, before the note of the defendants here sued on was delivered to plaintiff, promise the defendants or said Florida that the proceeds of the Stratton note should be applied to the payment of the note of defendants in preference to the said $3,800 note and the said $1,000 note of Gleason & Company, or in preference to either of said two notes; and if you further believe that said Florida never directed plaintiff so to apply the same; then you are instructed that plaintiff had the right to apply the proceeds of said Stratton note and deed of trust to payment of said $3,800 note and said $1,000, without applying any part thereof to the note of the defendants in suit, your verdict must be for the plaintiff for the full amount of defendants' note, and interest thereon at the rate of eight per cent per annum from the twenty-ninth day of April, 1893, to this day.

"The court instructs you that the burden of proof is upon the defendants to show that the note here sued on has been paid wholly or in part; and unless, upon the whole evidence before you, you believe that plaintiff has received money which it promised A. K. Florida or the defendants, before it received the note in suit, to apply to the payment of this note, or which said Florida directed plaintiff to apply specifically toward the payment of this note, you must find for the plaintiff for the full amount of the note and interest."

The court on its own motion instructed as follows: "If the jury believe from the evidence that the defendants made and executed the note mentioned in plaintiff's petition, and delivered the same to A. K. Florida, and that the said Florida afterward and before the maturity of said note, for value received, indorsed and delivered

the same to plaintiff, and that the said note is due and unpaid, and no payments thereon were made to plaintiff, either by said Florida or the defendants herein, then you will find for the plaintiff in the sum of $1,100 the amount of said note, together with the interest on same at eight per cent per annum from the twenty-ninth of April, 1893, to this date, and state the full amount now due in your verdict."

It will not be necessary for me to answer the various objections urged against the instructions. I do not think that they are open to serious criticism. I understand my associates to be of the same opinion. Therefore the motion for rehearing ought to be denied, even though it be conceded that the position taken in the opinion, and upon which the judgment was affirmed, is untenable.