E. C. MARKHAM, Respondent, v. S. H. COVER, Appellant.

St. Louis Court of Appeals, February 17, 1903.

1. **Parol Evidence:** PROMISSORY NOTE: MAKER OF NOTE: PARTNERSHIP. It is competent to show by parol, when properly pleaded, that the makers of a note are partners, and that they executed the same as a firm obligation.

2. ——: ——: ——: ——. Parol evidence is competent to show that one who appears from the face of a note to be a co-maker, executed the note as surety.

3. ——: ——: ——: SURETY: ACTION: EVIDENCE. Evidence in an action by a surety against his principal that defendant guaranteed to save plaintiff harmless, introduced in the course of proving that defendant induced plaintiff to become surety on certain notes, and was not the basis on which judgment was rendered, was not prejudicial error.

Appeal from Howell Circuit Court.—*Hon. Wm. N. Evans,* Judge.

AFFIRMED.

*W. J. Orr* for appellant.

(1) That plaintiff must recover, if at all, on the cause of action pleaded, is so well settled that no citation of cases is needed. Faulkner v. Faulkner, 73 Mo. 327; Bremen Bank v. Uwrath, 42 Mo. App. 525; Wright v. Fonda, 44 Mo. App. 634. (2) The general rule is that parol evidence is inadmissible to contradict, add to, subtract from, control or vary a written instrument. Lumber Co. v. Warner, 93 Mo. 374; Tracy v. Union Iron Works, 104 Mo. 193; Evans v. Western Brass Mfg. Co., 118 Mo. 584. (3) The rule which permits one to show by parol testimony that he signed as surety, when prima facie he appears to be a maker

is no exception to the general rule, because this does not contradict the written instrument, which is susceptible of either construction. Kuntz v. Temple, 48 Mo. 77. (4) The court permitted Markham and Mitchell to testify that appellant promised them that he would protect them if they would sign the notes in question. This was clearly erroneous. Brewing Co., v. Finwell, 39 Mo. App. 280.

*James Orchard* for respondent.

(1) Appellant in his argument and brief admits the proof of the copartnership and contents himself with the admissibility of evidence on the notes, etc. So we take it that it is not necessary to go over the question of copartnership and the proof thereof. (2) Appellant's contention is that we had no right to introduce evidence to show in what capacity the respondent signed the note and contends it is varying a written contract by oral testimony. It is not a variation of the written contract but an explanation of it, which is always admissible. When notes are executed one gives a note to another and secures some one as surety, while they stand as joint makers to the payee; but when it comes down between the maker and sureties, when the suit is against the maker or against cosureties, then the surety has the right to show in what capacity he signed the note, whether as principal or surety. Faulkner v. Faulkner, 73 Mo. 338, says that although a person who, before delivery thereof, indorses a note of which he is neither maker nor payee nor endorsee, is prima facie of one of the makers of such note, parol evidence is always admissible to show in what capacity his signature was given, and cite authorities among which is the case of Kuntz v. Temple, 48 Mo. 71, on which appellant relies.

GOODE, J.—In this action Markham, the respondent, demanded and obtained judgment against Cover

for contribution on three promissory notes, which respondent alleged he had executed as surety for Cover, Crow and Martine in October, 1897, and afterwards was compelled to pay.

There was much evidence that Crow, Martine and Cover were partners doing business under the style of the Howell County Fair Association, although Cover denies that he was a partner and says his only connection with the fair association was in trying to get money out of it which he had advanced.

The evidence shows that the money obtained on the three notes was used for the purposes of the association and that Cover personally induced Markham to sign them as surety, telling him the association was in a tight place and had to raise money and that he (Cover) would see that he never sustained a loss by signing them.

Inasmuch as the main point relied on by appellant is that the petition declared on a different cause of action from the one on which the court rendered judgment for respondent, we will quote the first count of the petition, the others being not materially different:

"Plaintiff states that Wayne Crow, Harry Martine and S. H. Cover were at all times hereinafter named co-partners, doing business under the style and firm name of the Howell County Fair Association.

"Plaintiff for his cause of action states that on the 18th day of October, 1897, defendant Wayne Crow, and Harry Martine, as principals, and this plaintiff, with E. C. Mitchell, as sureties, executed and delivered a certain promissory note obligatory, whereby they and each of them promised to pay the Howell County Bank or order, value received, the sum of $200 three months after date, payable at the Howell County Bank in West Plains, Missouri, bearing interest from maturity at the rate of eight per cent per annum, and if interest was not paid annually, or when due, to become as principal and bear the same rate of interest;

that said money was borrowed and used by the said co-partnership in the business of said firm.

"Plaintiff further states that the defendant and his co-partners have failed to pay said note except the sum of $69.34, which was paid by defendant, and that thereupon plaintiff and defendant and the other obligors on said note became liable to pay said sum of $200, and thereupon the plaintiff, as one of the sureties of defendant and his co-partners, was compelled to pay, and did pay, on said note the sum of $69.34, on the 12th day of July, 1898, all of which defendant had on said day due notice, and that no part of said $69.34 has been repaid to plaintiff.

"Plaintiff further states that Wayne Crow and Harry Martine are insolvent.

"Plaintiff states that by reason of the premises defendant has become justly indebted to him in the sum of $69.34, together with interest thereon from July 12, 1898, at the rate of ten per cent per annum.

"Wherefore, plaintiff prays judgment," etc.

At the conclusion of the testimony appellant requested the following declarations of law which the court refused:

"The court declares that although it may find and believe from the evidence that S. H. Cover and Wayne Crow and Harry Martine were partners under the firm name of the Howell County Fair Association, still if the notes sued on were not executed by said firm the plaintiff can not recover in this action.

"The court declares that all the evidence tending to show that the notes read in evidence were the notes of the Howell County Fair Association is excluded and not considered. And parol testimony is not admissible to show that said notes were the notes of said firm."

It is now contended that inasmuch as the notes do not show on their face they are the notes of the Howell County Fair Association, the court erred in receiving parol testimony to show they were.

It is not very clear to us how that proposition affects the determination of the case in any event; but the notes were executed by the three men alleged to compose the partnership and it was not inadmissible to show they were partners and that the notes were executed by them as firm obligations, of which there were averments.

The important question is whether Markham signed as surety for the other signers or as a co-maker, which, on the face of the notes, he appeared to be; but certainly it was competent for him to prove by parol testimony he was a surety, as that proof did not vary the terms of the instruments but was consistent with them. Garrett v. Ferguson, 9 Mo. 125; Scott v. Bailey, 23 Id. 140; O'Howell v. Kirk, 41 Mo. App. (K. C.) 523. The testimony to show Markham was a surety is wholly satisfactory and convincing. The evidence, instead of constituting a variance from the petition, showed exactly the cause of action pleaded and that Markham had signed the notes as surety for Cover, Crow and Martine as the petition alleged.

Appellant complains of the admission of testimony that Cover guarantied to hold Markham harmless. That testimony was received in the course of proving that Markham was induced to become surety on the notes by Cover and was not the basis on which the judgment was rendered. Its admission was harmless.

No error was committed in refusing the declarations of law asked, nor in any other ruling and the judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.