# FIRST NATIONAL BANK, Respondent, v. ELIJAH WELLS et al., Appellants.

### Kansas City Court of Appeals, March 2, 1903.

1. **Bills and Notes: PLEADING: ANSWER: BURDEN OF PROOF: EVIDENCE: ERROR.** A petition declared on a note. The answer admitted its execution and delivery, setting up special defenses. At the opening of the trial the court ruled it unnecessary for the plaintiff to offer the note in evidence. *Held*, the introduction of the note was not required, and the appellate court can not reverse for non-prejudicial error.

2. ————: **PRINCIPAL AND SURETY: SIGNATURE AFTER DELIVERY: EVIDENCE: JURY.** Defendants owed plaintiff a note. On its becoming due two of them signed a renewal and left it with the plaintiff. Sometime after, the third defendant signed the renewal note, but there was no evidence that at the time of the signing by the two the original had been surrendered or the renewal accepted in its stead, and this defense was not entitled to go to the jury.

3. ————: ————: **AGREEMENT TO COLLECT: WAIVER OF EXTENSIONS: MERGER.** A surety at the time of signing claimed that the cashier agreed to collect the note when due, and averred that he had violated the agreement and granted the principal an extension of time. The note, as the pleadings admitted, stipulated that the makers waived notice of extension. *Held*, the alleged verbal agreement was merged in the written agreement and the surety could not avail himself of the extension.

4. ————: ————: **WAIVER OF EXTENSION: MAKER: EVIDENCE.** A surety on a note can waive his right to discharge on account of extensions by a proper contract and thereby bind himself as a principal, and he can not introduce evidence varying his written contract.

5. ————: ————: **PAYMENT OF INTEREST: RENEWAL: EXTENSION.** Two makers signed a renewal note and left it with the bank, the principal paying the interest. The third, a surety, refused to sign and when sued on the note set up that the bank had accepted the note of the two and the interest, and thereby extended the time. *Held*, payment of interest is sufficient consideration for an extension, but is not of itself evidence of a contract to extend, which must be an unconditional agreement to

extend the payment for a definite period; a mere agreement to accept a new note when all the makers of the old note sign the new note, will not constitute an extension of time unless all sign.

6. ———: BANKS AND BANKING: COUNTRY CUSTOM. In support of the foregoing the custom of country banks in making and renewing loans is reviewed by the court.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Childers Bros.* for appellants.

(1) The court erred in holding that under the pleadings the plaintiff was not required to make its prima facie case by introducing in evidence the note sued on. R. S. 1899, sec. 746; Abbott Trial Ev. (2 Ed.), p. 481; State to use v. Samuels, 28 Mo. App. 649; Sebree v. Dorr, 9 Wheat. (681) 558; Truman v. Ellison, 37 Mich. 459; Lucas v. Smith, 42 Ind. 103; Glenn v. Porter, 49 Ind. 500. (2) The court erred in excluding competent, material and relevant evidence offered on behalf of defendant J. D. Crumpacker. Greenleaf Evidence (15 Ed.), secs. 51, 51a; Best's Prin. Evidence, secs. 229 and 249; Lane v. Railroad, 132 Mo. 1. c. 19. On the trial this defendant offered to prove that after he signed the note the bank agreed with him that when the note became due the bank would proceed to collect it. This offer was denied. The appellant contends that this agreement was valid and binding upon the bank, and that when it was made it dispensed with the statutory notice required to be given under section 4500, chapter 58, Revised Statutes 1899. The bank made the agreement with this defendant and by the agreement the bank waived its right to the statutory notice and discharged this defendant by its own subsequent acts, extending the time of the payment of this note. Kuhl v. Meyer, 42 Mo. App. 479; Judah v. Ins.

Co., 4 Ind. 333; Jones v. Milton, 7 Ind. 547; Bank v. Leavitt, 65 Mo. 562; Kincaid v. Yates, 63 Mo. 47; Pengrey on Suretyship, sec. 122, p. 88. (3) The court erred in giving the peremptory instruction requested by plaintiff at the close of the evidence offered by the defendant, thus taking the case from the consideration of the jury. The controversy in this case embraced a scope of four distinct and different defenses, and evidence tending to support either was competent to go to the jury, and the jury alone, had the power to determine its weight. If there is any evidence it must go to the jury, who are exclusive judges of its weight and sufficiency. Chamberlain v. Smith, 1 Mo. 482; Speed v. Herrin, 4 Mo. 356; Robbins v. Ins. Co., 12 Mo. 380; Winston v. Wales, 13 Mo. 569; McKnawn v. Craig, 39 Mo. 156; Singleton v. Railroad, 41 Mo. 465; Deere v. Plant, 42 Mo. 60; McFarland v. Bellows, 49 Mo. 311; Baum v. Fryrear, 85 Mo. 151; Mathews v. Railroad, 26 Mo. App. 75; Taylor v. Short, 38 Mo. App. 21. This is true however slight it may be, and whether direct or inferential. Hughes v. Ellison, 5 Mo. 110; Morton v. Reed, 6 Mo. 64; Hays v. Bell, 16 Mo. 496; Emmerson v. Sturgeon, 18 Mo. 170; Rippey v. Freede, 26 Mo. 523; Gutridge v. Railroad, 105 Mo. 520. (4) "One who signs a note after it has been delivered to the payee, is not liable unless some new consideration passes and the note redelivered." Adams v. Huggins, 78 Mo. App. 219; Lowenstein v. Sorge, 75 Mo. App. 281; Messenger v. Vaughan, 45 Mo. App. 15; Hartman v. Redman, 21 Mo. App. 124; Ring v. Kelly, 10 Mo. App. 411; Williams v. Williams, 67 Mo. App. 661; McMahan v. Gregger, 73 Mo. 145; Montgomery County v. Auchley, 92 Mo. 126; McFarland v. Hiem, 127 Mo. 327; Williams v. Fisher, 50 Mo. 198; Noeninger v. Vogt, 88 Mo. 589; Rantsong v. Railroad, 45 Mo. 236; Kuhl v. Meyer, 42 Mo. App. 494; Clotworthy v. Railroad, 80 Mo. 220; Smith v. Hutchinson, 83 Mo. 683; Vogeli v. Marble and Gran. Co., 56 Mo. App. 678; Culberson v. Maryville, 67

Mo. App. 343; Thomas v. Pac. Ex. Co., 30 Mo. App. 86; Zwisler v. Storts, 30 Mo. App. 163; Culverhouse v. Worts, 32 Mo. App. 419; Twohey v. Fruin, 96 Mo. 104. (5) Did Wells and John Crumpacker execute and deliver to the bank a note in August, 1899, in renewal of the note here in suit, and did Wells pay the interest thereon in advance? When that note matured did Wells and John Crumpacker execute to the bank a renewal note dated January 12, 1900, in renewal of the August renewal note? We say there is conclusive evidence of these facts and the case ought to have been submitted to the jury. (6) It is universally announced by text-writers, that a note complete on its face, when delivered by the maker to the payee, can not be shown to have been delivered in escrow. Daniels on Neg. Instr. (2 Ed.), sec. 68; Parsons on Notes and Bills, sec. 51; Tiedeman on Com. Paper, sec. 34; d. p. 92; Pingrey on Suretyship and Guar., sec. 50. Hurt v. Ford, 142 Mo. 283; Garver v. Marks, 134 Mo. 1; Jones v. Shaw, 67 Mo. 667; Henshaw v. Dutton, 59 Mo. 139; Massmann v. Halscher, 49 Mo. 87.

*J. M. Winters* and *Wattenbarger & Bingham* for respondent.

(1) In answer to appellant's first assignment of error, we would say that in his answer he admits the execution of the note in suit. Moreover, the appellant offered the note in evidence himself and made it one of his exhibits. (2) In his second assignment of error, appellant says he offered to prove "that after he signed the note the bank agreed with him that when the note became due the bank would proceed to collect it." This offer was declined by the court and, we think, rightly. Such an agreement to be binding on the bank must be supported by an independent consideration. No consideration was alleged or proved for such agreement. Again, it was not shown that the cashier had any authority to make such an agreement on part of the bank,

and respondent was not bound by it even if such an agreement was in fact made. 1 Daniel Neg. Inst., sec. 157; Haseltine v. Ausherman, 87 Mo. 410; Fisher v. Stevens, 143 Mo. 191; Peck v. Harris, 57 Mo. App. 467; Brown v. Bowen, 90 Mo. 184. (3) Appellant's third assignment of error covers the whole case. There was a total failure in the proof of the several defenses. Montgomery Co. v. Auchley, 92 Mo. 126; McFarland v. Heim, 127 Mo. 332; Adams v. Huggins, 78 Mo. App. 219; Morris v. Bird, 11 Mass. 436; Hawk v. Phillips, 7 Gray 284; Bank v. Gay, 114 Mo. 203. (4) In vain appellant looks for another avenue of escape and says the note sued on was renewed and another note taken by the bank in lieu of it. The only evidence in support of this defense is the two ineffectual attempts to renew the note which entirely fails to show that either of the so-called renewal notes were accepted by the bank but that the one was left at the bank in an incomplete state to await the signature of the appellant which he refused to give, and the other remained in the possession of John Crumpacker, his co-defendant, until the day of trial of this cause. Hayden v. Lauffenburger, 157 Mo. 88; Daniel Neg. Inst., sec. 1221; Beal v. Ins. Co., 36 N. Y. 522; Cowgill v. Robberson, 75 Mo. App. 418; Beers v. Wolf, 116 Mo. 183; Brandt on Suretyship, sec. 28; Aultman & Taylor Co. v. Smith, 52 Mo. App. 357; Burrus v. Davis, 67 Mo. App. 241; Jacobs v. Gibson, 77 Mo. App. 249. (5) The indorsement of the payment of interest to an extended date is no evidence of an agreement to extend the time of payment. Aultman & Taylor Co. v. Smith, 52 Mo. App. 351; Bank v. Love, 62 Mo. App. 378; Burrus v. Davis, 67 Mo. App. 210.

SMITH, P. J.—This is an action on a promissory note for $3,000. The answer admitted the execution and delivery of the said note, and then pleaded several special defenses to the action thereon.

It appears from the bill of exceptions that at the in-
Vol 98 app—37.

ception of the trial, which was to a jury, the court held, "that under the pleadings it was not necessary for plaintiff to offer in evidence the note." Why or what was the occasion for this holding is not disclosed. The plaintiff seems not to have offered the note in evidence, and so far as we can discover there was nothing then before the court requiring any ruling of that kind. Most generally in the trial of such cases the plaintiff will offer to give in evidence the note the execution of which stands admitted by the answer, to the end that he may open and conclude the argument to the jury. Where, however, the answer, as here, admits the execution of the note and pleads one or more defenses in bar or avoidance, the burden of proof rests on the defendant who, by reason of that fact, becomes entitled to the right to open and close the argument. But it does not appear from the bill of exceptions that the ruling of the court was made to settle any contention of that sort in this case.

If the court on its own motion and in advance of any necessity or occasion therefor made the announcement already referred to, and the plaintiff, in conforming to the ruling of the court so made, did not introduce the note in evidence, we are unable to see that the defendants were prejudiced thereby. The answer had admitted every fact constitutive of the plaintiff's cause of action, so that there was no fact which plaintiff was required to prove to make out its prima facie case. The introduction of the note in evidence was not required for that purpose. We are expressly forbidden by the statute to reverse a judgment because of any error committed by a court during the progress of the trial before it, unless such error be prejudicial on the merits. Sec. 865, R. S. The effect of the alleged ruling resulted more to the advantage of the defendants than to their disadvantage, and so there is no just ground for complaint on that account.

One of the defenses pleaded by the separate answer

of defendant John D. Crumpacker was that without the consent or knowledge of the other makers of the note, at the request of the plaintiff, without any consideration whatever, and without a redelivery of said note, he signed it as surety.   The note was dated April 12, 1899, and was payable one hundred and twenty days after date.   It appears from the evidence that the defendants had several months previously borrowed of plaintiff three thousand dollars, and for which they had executed their joint note.   It does not clearly appear for whose benefit the money was borrowed, but it may be inferred that it was for the benefit of defendant Wells.   The note sued on was taken in lieu and in renewal of that first given.   The defendant John D. Crumpacker testified that it was some days after the other defendants had signed the note that he signed it.   But it does not appear that at the time he signed that the original note had been surrendered, or that the renewal note was accepted in its stead until after he had signed it.   In the absence of any showing to the contrary, we may presume that the plaintiff in the transaction exercised the care that a person of ordinary prudence would exercise in transactions of that kind, and, therefore, did not deliver up the original and accept in its stead the renewal note until the latter had been signed by the defendant, and especially so in view of the fact that it seems that he was then the only party to the original whose solvency was unquestioned.   We do not, therefore, think there was any evidence adduced entitling the defendant to a submission of this defense to the jury.

The said defendant, as a further defense, pleaded that at the time he signed the note sued on, the plaintiff, by its cashier, agreed that when the same matured he would collect it, but when it did mature, instead of complying with its said agreement with him, it, without his knowledge or for a valuable consideration, entered into a contract with the other defendants, whereby, after the maturity of said renewal note, the plaintiff thrice

extended the time of payment of the same; whereby he, defendant answering, was discharged. The petition alleged, and the answer admitted, that the note sued on contained a stipulation to the effect that the makers thereof agreed to waive notice of protest and extension of time. The verbal agreement alleged in the answer having been entered into prior to the execution of the note, was merged in it. The rule is settled that parol evidence is not admissible to vary or contradict a written contract. The written contract is conclusively presumed to merge all prior negotiations and to express the final agreement of the parties. To permit a party when sued upon a written contract to admit he signed it, but to deny it expressed the agreement he made, would absolutely destroy the value of all negotiable instruments. Crim v. Crim, 162 Mo. 544; Catterlin v. Lusk, 98 Mo. App. 182. And therefore evidence in support of such an agreement was properly rejected. And, too, the offer of evidence tending to prove that after the defendant had signed the note the plaintiff had agreed to collect it at maturity and not to extend the time of payment was rightly rejected, because no consideration was shown for such an agreement as to the plaintiff.

The agreement incorporated in the note and already referred to, for the extension of time of the payment thereof, was valid and effectual between all the parties. There is no rule of law prohibiting any party to a promissory note from waiving any right which the law may give him as such. So one who is in fact a surety may contract as a principal. He may waive the rights which the law throws around him as surety, and he does so when he in terms agrees to be bound as principal. As was said in McMillan v. Parkell, 64 Mo. 286: "It is clearly competent for a surety to renounce the privileges which the law confers upon him as such. He may by assenting to an extension of time granted to his principal, waive his right to a discharge

on account of such extension, so he may at the time of entering the contract waive in advance the legal protection to which he would be entitled as surety, and agree that he may, throughout the transaction to which he becomes a party, be held to the legal liability of a principal.'' See, also, Picot v. Signiago, 22 Mo. 587; Wood v. Motley, 83 Mo. App. 97. The defendant by the terms of the note bound himself as principal and he could not, in the face of that stipulation, be permitted to introduce evidence contradicting or varying it. Bank v. Terry, 67 Mo. App. 12. So that it is plain that the offers of evidence respecting the agreement between the plaintiff and defendant, as pleaded in the answer of the latter, was properly rejected. There was some evidence adduced, relating to the extensions of the time of payment of the note, which went in without objection; but this was insufficient to entitle defendant to a submission of that defense.

The defendant testified that plaintiff's cashier presented him a note that had been signed by his co-defendants and requested him to sign it, and at the same time telling him that defendant Wells had paid the interest on such renewed note. It appears further, however, that the plaintiff still retained the old note—that sued on. It appears, too, that the plaintiff had never accepted the new note and would not do so without the defendant answering would sign it. The defendant introduced it at the trial. The defendant John Crumpacker testified that he was not certain where he obtained the renewal note, but thought he got it either from plaintiff or defendant Wells. It is clear from the facts to which the Crumpackers testified and the inferences to be drawn therefrom, that there was no unconditional agreement entered into between plaintiff and the defendants, or any two of them, for the extension of the time of the payment of the note, or the renewal thereof. The agreement was conditional and that plaintiff would accept the renewal note if all the defendants would sign

it.   The payment of interest is a sufficient consideration for the extension of the time of the payment of a note, but it does not of itself afford evidence of a contract to extend.   Bank v. Love, 62 Mo. App. 378; Aultman v. Smith, 52 Mo. App. 351.   It does not appear that there was any unconditional agreement to extend the time of payment of the note sued on for any definite period, or at all.   There is evidence of an agreement to accept a new note of the defendants, but not that only of the two who were insolvent, or at most of doubtful solvency. There is no evidence that the plaintiff agreed to accept the renewal note in place of the old one without the name of the defendant answering being signed thereto, or that the interest was paid or received with that understanding.   The facts and circumstances disclosed by the evidence, and the inference to be fairly deduced therefrom, make it clear that the plaintiff on the application of the defendants not answering promised them to accept a renewal note and the interest thereon if all the makers of the old note signed it.   The defendants lived at different places in the vicinity of the town in which the bank was located.   It had not been and was not at all times convenient for all of them to be present at the same time when renewing said note, hence it was that when an arrangement was made for a renewal note it was understood to be upon the condition that they all sign it, and that they might do so as was convenient to them. The very first note—the one given for the original loan—is conceded to have been signed in that way. This was the habit of the parties in their transactions with the plaintiff in respect to the signing of these notes.   Whatever inference may arise when the payee is found in possession of a note is repelled and rebutted by the facts and circumstances explanatory of that provision in this case.

The manner in which the plaintiff is shown to have carried on the several transactions with defendants accords with the usual and customary practice prevail-

ing among the country banks in this State, this practice having been adopted for convenience. The customers of such banks are most generally farmers and stockmen residing apart and remote from the towns where such banks are located, and when one of them desires a loan it is the usual custom for him to go to his bank, arrange for it by giving his note and agreeing to have one or more of his neighbors, named and satisfactory to the bank, to call later on and sign the same as sureties or indorsers; and when it is so signed it is accepted, the proceeds, less the interest, being passed to the credit of the principal, and becoming subject to his check. If when the note matures the principal finds it inconvenient, or if he is then unable to discharge it, he goes to the bank and negotiates for an extension of the time of payment. This is done by making a new note for the amount, signing it, paying the interest, and leaving it with the bank with the understanding that the sureties or indorsers on the old note, or others equally satisfactory, will later on call and sign such note as of the day it is dated. If the latter come in and sign, then it is accepted and the old note cancelled and delivered up. If the proposed sureties or indorsers are those on the old note and they do not call and sign the renewal note, it surely can not be that they can claim that the bank by holding the renewal note for their convenience, and until completed by them, has thereby accepted such renewal note in lieu of the old one, and that they are thereby discharged from their obligation to pay the latter? Under such circumstances the law does not imply an acceptance of the renewal note. There is nothing in the evidence in the case tending to prove that the plaintiff accepted the renewal note in lieu of that sued on, or that the defendant answering was by operation of law discharged from the latter.

It results that the peremptory instruction given for the plaintiff was proper and that the judgment accordingly should be affirmed. All concur.