## THE NEW YORK LIFE INSURANCE COMPANY, Appellant, v. SMUCKER et al., Respondents.

**St. Louis Court of Appeals, April 12, 1904.**

**PAROL EVIDENCE TO VARY WRITTEN CONTRACT: Collateral Agreement.** In an action on a promissory note given by the defendant, a soliciting agent for the plaintiff, an insurance company, it was competent for the defendant to show, by parol, an agreement made at the time the note was given, that the first money earned by him as agent should go to discharge the note; the agreement did not contradict or vary the terms of the note.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*Sturdevant & Sturdevant* for appellant.

(1)   The court erred in giving the defendants' first instruction, as modified by the court, because said instruction permits the jury to consider an alleged oral agreement made at the time or prior to the execution and delivery of said note, which agreement had the effect of changing and varying the terms of a written promissory note. Instructions are erroneous if founded upon incompetent evidence improperly admitted. Weaver v. Hendrix, 30 Mo. 502; Harding v. Wright, 119 Mo. 1; Houser v. Andersch, 61 Mo. App. 15. The parol agreement made at the time, or prior to the execution of a written promissory note, which changes, varies, modifies or contradicts the terms of the note is invalid, and evidence thereon is wholly incompetent. 1 Daniel on "Negotiable Instruments" (5 Ed.), par. 80, et seq.; Mahan v. Sherman, 7 Blackf. 378; Bank v. Stone, 59 Cal.

183; Evans v. Henderson, 17 Wend. 190; Featherstone v. Wilson, 4 Ark. 154; Ins. Co. v. Horner, 9 Metc. 39; Tiedeman on "Commercial Papers," par. 42; Smith v. Thomas, 29 Mo. 307; Hassmann v. Holscher, 49 Mo. 87; Jones v. Shaw, 67 Mo. 87; Bank v. Terry, 67 Mo. App. 12; Organ Co. v. Swarttell, 61 Mo. App. 490; Reed v. Nicholson, 37 Mo. App. 646; Higgins v. Cartwright, 25 Mo. App. 609; Von Vechten v. Smith, 59 Iowa 173; Poulson v. Collier, 18 Mo. App. 606; Gartner v. Kemper, 58 Mo. 567.

*Johnson, Houts, Marlatt & Hawes* for respondents.

The agreement pleaded in defendant's answer, if established, did not tend to vary or contradict the terms of the note, and was a complete defense to the action upon the note. Roe v. Bank, 167 Mo. 406; Bank v. Terry, 67 Mo. App. 12; Brown v. Bowen, 90 Mo. 190; Life Ass'n v. Cravens, 60 Mo. 388; Price v. Dowdy, 34 Ark. 285; Mark v. Adler, 22 Fed. 570; Hughes v. McDougle, 17 Ind. 390; Eaves v. Henderson, 17 Wend. 190.

GOODE, J.—Action on a promissory note for $200 given by the defendants to the plaintiff, April 2, 1900, due sixty days after date. The note was signed by Jules Smucker and indorsed on the back by A. C. Smucker before delivery. The latter was security for the former, who got the proceeds of the note under these circumstances: Jules Smucker was requested by plaintiff's general agent to become a soliciting insurance agent for the plaintiff. He told said general agent he did not have money enough to live on while learning the business and the general agent (Buckner) offered to lend him $200 provided he would get his brother A. C. Smucker to indorse the note, which was done, and the note in suit was the result of the agreement.

About May 24, 1900, Jules Smucker as agent for

the plaintiff, wrote a policy of insurance on the life of a Mr. Meyers for which said Jules was entitled to a premium of $400 or thereabouts, which was paid in cash the following November. That sum would have discharged the note if it had been applied in payment of it, and the defense to this action was that by virtue of an oral agreement made between the parties contemporaneously with the execution of the note, plaintiff was bound to apply it that way, as it was agreed and understood when the note was given that the first money earned by Jules as agent, should go to discharge the note. Instead of applying the money in payment of the note, plaintiff applied it on unsecured advances it had made to Jules Smucker.

The question is whether it was competent to prove the oral agreement relied on as a defense. No doubt it would have been incompetent to prove orally an agreement made prior to or at the time of the execution of the note which tended to vary the terms of the instrument in any respect. 1 Daniel, Nego. Inst. (5 Ed.), sec. 80, et seq. That rule is observed in Missouri. Holmes v. Farris, 97 Mo. App. 305 and citations. But the agreement proven related to the appropriation of certain moneys belonging to Jules Smucker that were expected to be paid to the insurance company; viz., the first premiums said Smucker would earn as agent. The company promised to apply them to discharge the note. How did that contract vary the note's terms? One of its terms was that it should be paid, and the maker had as much right to direct that his premium money should be used to pay it as that any other money of his paid into the company's hands should. It was not agreed it should be paid before due nor after due, nor that its payment should be contingent on any event. Proving the appropriation of an anticipated fund to pay a note according to its tenor is not opposed to the rule against contradicting written instruments by verbal testimony, nor to the rule that antecedent negotiations are merged

in or superseded by a written contract relating to the same subject-matter. The essential subject-matter of the oral agreement was the appropriation of a payment to the satisfaction of a certain debt. The debtor can not be deprived of the benefit of that independent promise or denied his right to appropriate a payment, on the theory that a contemporaneous written contract will be altered; and certainly this is true when the oral agreement does not alter the written one. The precise proposition before us was decided in Roe v. Bank of Versailles, 167 Mo. 406. In that case the objection to the parol understanding possessed more force, for the agreement looked to a partial discharge of the note before maturity. Nevertheless it was held competent. See, too, Bank v. Terry, 67 Mo. App. 12.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.