CLARENCE L. STEPHENSON, Appellant, v. JOPLIN STATE BANK, Respondent.

Springfield Court of Appeals, December 4, 1911.

1. **JUSTICES' COURTS: Filing Instrument Sued On: Filing Note On Appeal.** Where defendant files a written statement before a justice of the peace in which the amount of the set-off or counterclaim was specified with the further allegation that the indebtedness from plaintiff to defendant was upon a note, he may, on appeal by the plaintiff in the circuit court, offer to amend the counterclaim by filing the note on which it was based.

2. **BILLS AND NOTES: Evidence: Parol Evidence Showing Party Signed as Surety.** The rule that one who, on the face of a note, is a joint obligor, may show by parol that he was in fact but a surety, is upon the theory that the note or contract does not disclose the capacity in which he executed it and that therefore the written instrument is not contradicted by proof that a party in fact signed as surety.

3. ———: ———: ———: **Contradicting Written Instrument.** Where a note or other contract shows upon its face that a party executed it as principal, he cannot then be permitted to show that he did not so execute, for to do so would be to contradict his written obligation by parol and this cannot be done.

4. ———: ———: ———: ———. Where plaintiff signs a note which reads, "We or either of us, as principal," etc., he cannot, when sued upon the note, show by parol that he was in fact but a surety and that the payee had accepted him upon the note as such, for he would thus be contradicting the terms of his written obligation.

5. ———: ———: ———: ———: **Knowledge of Payee.** Where a party signs a note to a bank by the terms of which he promises as principal to pay the same, he cannot subsequently

show, in an action against him by the bank, that he was only a surety and it makes no difference if the cashier of the bank knew that as between him and the other maker he was only a surety and that the cashier had prepared a chattel mortgage, which was executed by the other maker to secure him as surety, for under the expressed terms of the note given to the bank, his contract was that of a principal.

6. **COSTS: Successful Party Entitled to Recover.** Under the statute the successful party in a law suit is entitled to recover his costs, so wnere plaintiff failed to recover on his cause of action and defendant, who filed a set-off succeeded only in defeating defendant's recovery, but failed to obtain a judgment over for any balance, *held*, that any costs made by defendant, outside of defeating plaintiff's recovery, should be taxed against him.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair*, . Judge.

AFFIRMED.

*H. S. Miller* for appellant.

(1)   The chattel mortgage and the notes in question were in writing and both were written at the same time by Mr. Ramsay, cashier of defendant and Mr. Ramsay also admitted that the plaintiff signed the said note as surety.   We contend that a party who has with knowledge of the facts assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith to the prejudice of the other party, particularly if the position previously taken be successful. 16 Cyc. 796.   (2)   A bank has no right to apply money of its depositors to the payment of a note on which he is security or guarantor. Bank v. Green, 32 L. R. A. 568; O'Grady v. Bank, 106 Mo. App. 366; Harrison v. Harrison, 4 L. R. A. 112; Bank v. Hill, 76 Ind. 223; Bank v. Peck, 127 Mass. 298; Gupton v. Carr, 147 Mo. App. 121.   (3)   The authorities in this State make a distinction between set-off and counter-claim as shown by the following author-

ities. Scarritt Estate Co. v. Arms Co., 110 Mo. App. 412; Empire Co. v. Boggiane, 52 Mo. 249; McAdow v. Ross, 53 Mo. 199; Emery v. Railroad, 77 Mo. 341; National Handle Co. v. Huffman, 140 Mo. App. 642. (4) The statute provides that in all civil action the prevailing party shall recover his costs, unless otherwise provided by law. Surely plaintiff was the prevailing party as to the defendant's cause of action and practically all of the costs were made on it. Lbr. Co. v. Tiede & Co., 130 Mo. App. 272; Launn v. Railey, 127 Mo. App. 726.

*R. P. Stone* for respondent.

(1) The question raised in plaintiff's brief that plaintiff was a surety on the note and not a principal, was not raised in the trial of the case until the trial was almost finished, and on that proposition the court ruled against the plaintiff and very properly so under the rule laid down in the following cases. Picot v. Signaiago, 22 Mo. 587; McMillen v. Parkell, 64 Mo. 286; Banks v. Wells, 98 Mo. App. 573; Beers v. Wolf, 116 Mo. 183; Reissaues v. Whites, 128 Mo. App. 135; Wood v. Motley, 83 Mo. App. 97. (2) Under the second sub-division of section 1807, Revised Statutes 1909, a defendant may set up a counterclaim on any other contract with the plaintiff if a cause of action existed when the original suit was begun. Green v. Conrad, 114 Mo. 677; Herman v. McNamara, 77 Mo. App. 7. (3) The statute merely means that the indebtedness must be such as to entitle the plaintiff to an action against the defendant, and the defendant to an action against the plaintiff. Weiss v. Wahl, 5 Mo. App. 408; McCuin v. Frazier, 38 Mo. App. 63; Crone v. Murry, 106 Mo. App. 411. (4) A defendant may set off, against an individual demand sued on by plaintiff, an indebtedness held by him against a

partnership firm of which the plaintiff is a member. Ruddle v. Horine, 34 Mo. App. 616. (5) The purpose of section 1807, Revised Statutes 1909, is to simplify the proceedings and settle the whole contention between the parties in one action. Martin v. Turnbaugh, 153 Mo. 186; Bealy v. Smith, 158 Mo. 526; Ashley v. Shaw, 82 Mo. 81.

COX, J.—Action begun before a justice of the peace to recover the sum of $103 which plaintiff had on deposit in defendant bank. The defendant filed before the justice a set off or counter-claim in which it claimed plaintiff was indebted to it upon a note in the sum of $103.98 and asked judgment against plaintiff for ninety-eight cents. The defendant was successful in the justice court and recovered judgment against plaintiff for 98 cents as asked. Plaintiff appealed to the circuit court where upon trial *de novo* plaintiff or defendant neither recovered anything and plaintiff has appealed to this court.

The first error assigned is that defendant cannot avail itself of its plea of counterclaim or setoff for the reason that it is based upon a note and the instrument was not filed before the justice. Defendant did file a written statement before the justice in which the amount of the setoff was specified with the further allegation that the indebtedness from plaintiff to defendant was upon a note. Before the trial began in the circuit court the defendant offered to amend the counterclaim by filing the note on which it was based. This it was permitted to do over plaintiff's objection. This was clearly permissible. [Statute 1909, sec. 7412-13; Keys v. Watkins Livery Co., 102 Mo. App. 315, 76 S. W. 698; Conn. Co. v. Orr et al., 150 Mo. App. 705, 131 S. W. 765.]

The real contention in this case arises upon the following state of facts: Defendant admitted that it had had on deposit $103 to plaintiff's credit and that

plaintiff had demanded the same but contended that it had applied the money in discharge of a note held by it against plaintiff. Plaintiff admitted the execution of the note but contended he only signed it as surety and for that reason defendant could not apply his deposit to its payment. Also that the note had been paid by the principal debtor. The latter question was one of fact on which the evidence was conflicting, hence the finding of the trial court is binding upon us.

The important question in this case is whether plaintiff can be permitted to prove by parol that he was a surety only on the note in question. If he can, then the right of the bank to apply the deposit of a surety on a note held by it arises, but if he cannot then that question is not in this case. The note in question is as follows:

$100                    "JOPLIN, Mo., JAN, 21st, 1909.

Six months after date, we or either of us, as principal, promise to pay to the order of the Joplin State Bank, of Joplin, Missouri, one hundred dollars, for value received, payable at the Joplin State Bank, of Joplin, with interest at the rate of eight per cent per annum from date, said interest being due and payable semi-annually, and if the interest be not paid annually, to become as principal and bear the same rate of interest, and we hereby waive notice of extension.

P. O. address, Joplin, Mo.           J. H. BACON.
Due........ Gen. Delivery,            N. A. TINKER,
   No. 1583.                         C. L. STEPHENSON."

It will be observed that the note provides that each of the makers agrees to pay *as principal*. Can he now be heard to say that he did not agree to pay as principal? If he can then he can contradict the plain terms of his written contract and this he cannot do. We are not unmindful of the line of authorities which hold that one who is on the face of the note a joint obligor may show by parol that he was in fact but

surety and thus avail himself of the rights of a surety. This is upon the theory that the note or contract does not disclose the capacity in which the parties execute it and that therefore the written contract is not contradicted by proof that a party in fact signed as surety. [Markham v. Cover, 99 Mo. App. 83, 72 S. W. 474; Reynolds v. Schade, 131 Mo. App. 1, 109 S. W. 629.]

But when the note or other contract shows upon its face that a party executes it as principal he cannot then be permitted to show that he did not so execute it for to do so would be to contradict his written obligation by parol and this cannot be done. [Picot v. Signiago, 22 Mo. 587; McMillan v. Parkell, 64 Mo. 286; Wood v. Motley, 83 Mo. App. 97; Banks v. Wells, 98 Mo. App. 573, 73 S. W. 293; Beers v. Wolf, 116 Mo. 179, 183, 22 S. W. 620.]

The plaintiff in this case by the terms of the note which he signed contracted as principal, hence, as between him and the bank he was a principal and that being true the bank had the undoubted right to apply his deposit on his note to the bank. It is therefore unnecessary for us in this case to pass upon the question of the right of a bank to apply the money of a surety upon a note to its payment in the same way as it may the money of a principal.

At the time this note was given, a chattel mortgage was executed by Bacon to Tinker and Stephenson, the other makers of the note to secure them as surety for him. This chattel mortgage was prepared by the cashier of the bank and he knew that, as between themselves, Tinker and plaintiff Stephenson were sureties for Bacon. Upon these facts it is contended by plaintiff that his relation as surety was established. We do not think so. It was wholly immaterial to defendant what relation these parties sustained to each other and notice to it of that relation would not change its rights. It was interested solely in their relation to it, and it was careful to insert in

the note the provision that they should each be held as principal so that any question of suretyship should be eliminated as far as it was concerned, and as was well said in Picot v. Signiago, supra, after it had taken this precaution to safeguard its own interests where is the justice in depriving it of the fruits of its vigilance? As to the defendant plaintiff was a principal in the note because his contract so provided and he cannot now escape from its terms.

Contention is also made by appellant that the court erred in taxing all the costs to plaintiff. We do not understand that this was done by the form of judgment entered but if, as a matter of fact, all costs have been taxed to plaintiff and there is any error in it, that can yet be remedied by motion to retax. In this connection it may be proper to state that under the statute the successful party recovers his costs and as plaintiff failed to recover on his cause of action and defendant failed on his setoff as such, but was only allowed to defeat plaintiff's recovery because of its right to apply his money on the note held against him, if there were any costs made by defendant outside of that issue those costs should be taxed to defendant.

Judgment affirmed. All concur.